## KNIGHTS & LADIES OF SECURITY v. BELL.

No. 11527 —Opinion Filed July 10, 1923.

Rehearing Denied Nov. 27, 1923.

**1. Appeal and Error—Notice of Appeal— Sufficiency of Record—Dismissal.**

Under section 786, Compiled Oklahoma Statutes of 1921, where correction of case made by written stipulation or agreement of parties had amended the same to show that the statutory notice had not been given in open court, as prescribed by statute, a motion to dismiss appeal on the grounds that the statutory notice had not been given should be denied.

**2. Trial—Sufficiency of Instructions—Refusal of Requests.**

Where it appears that instructions tendered by attorneys and refused by the trial court were in substance and effect given by the trial court in his final instructions to the jury, the refusal to give instructions asked for does not constitute reversible error.

**3. Insurance—Action on Life Policy—Sufficiency of Instructions.**

Where the instructions given are loosely drawn, but from the general context of the instructions the meaning is clear, and from the language the jury is not misled by such instructions, and upon the examination of the whole record, under the issues tendered in the pleadings in this cause, held, that the instructions of the court fairly presented the law applicable to the instant case.

**4. Appeal and Error—Questions of Fact— Verdict.**

Where there is any legal evidence, upon which the finding of a jury can be reason-

ably sustained, this court will not disturb the verdict of the jury upon appeal.

**5. Insurance—Truth of Warranties in Application—Jury Question.**

The truth or falsity of warranties in an application for insurance, where there is a conflict in the evidence, is a question of facts for the jury.

**6. Same—Principal and Agent — Agent's Knowledge of Facts As Notice to Principal.**

As a general rule, notice to the agent and knowledge obtained by him while acting within the scope of his authority is notice to the principal. This applies to insurance companies and their agents respecting material facts affecting the risk. So, when the facts communicated to the agent had relation to or arise from the subject-matter of the agency, the presumption exists that the agent had communicated such facts to his principal. This is true whether the agent actually does so communicate such facts or not. In case of special or class agents whose duty is to communicate certain facts to its directors or managing agents. notice to them of such fact is notice to the company.

**7. Same—Notice of Grounds of Forfeiture of Insurance Policy.**

Notice of a condition that would work a forfeiture of the policy, gained by the agent while acting within the scope of his authority, is imputable to the company.

**8. Same—False Statements in Application Through Fault of Agent—Estoppel of Company to Assert.**

If the insured makes truthful disclosures concerning a material matter, but the agent, while acting within the scope of his authority, either carelessly or fraudulently writes a false answer, the same becomes the act of the company, and it is precluded from asserting such falsity in its behalf in an action wherein it is involved.

**9. Same—Agent's Duties to Prepare Papers.**

It is the duty of an agent for an insurance company to prepare the papers under his supervision so that they will accurately and truthfully state the result of the negotiations, and the agent's failure to do so is, in legal effect, the fault of the company.

**10. Same—Notice of Grounds of Forfeiture —Waiver by Company.**

An insurance company in possession of notice sufficient to work a forfeiture of a policy which continues to keep and retain the premium paid until after suit is brought to enforce collection of the policy several months after the death of the insured, will be deemed to have waived the forfeiture.

**11. Appeal and Error — Prejudicial Error — Argument of Counsel.**

In order for alleged misconduct of counsel in argument to the jury to effect a reversal of a judgment, it must appear that substantial prejudice resulted therefrom, and that the jury was influenced thereby, to the material detriment of the party complaining.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Washington County; Preston A. Shinn, Judge.

Action by John Bell against Knights & Ladies of Security. Judgment for plaintiff, and defendant brings error. Affirmed.

Pennel & Harrison, for plaintiff in error.

Campbell & Ray, for defendant in error.

Opinion by THOMPSON, C. This action was commenced on the 19th day of June, 1919, by John Bell, defendant in error, filing his petition against Knights & Ladies of Security, a corporation, plaintiff in error, in the district court of Washington county, Okla.

The parties will be referred to in this opinion as plaintiff and defendant, just as they appeared in the lower court.

The petition alleges, in substance, that a certain beneficiary certificate of insurance was issued by the defendant to one Lilly May Bell, on the 13th day of September, 1916, and that plaintiff is the beneficiary named therein, said certificate being in the sum of $2,000; that on the 24th day of June, 1918, the said Lilly May Bell died and that plaintiff was entitled to receive the amount of said beneficiary's certificate, less certain deductions provided for by the defendant; and prayed judgment in the sum of $1,703.56, together with interest from the 15th day of September, 1918, the date when payment was refused by the defendant. To this petition the defendant demurred, which demurrer was overruled and exception saved, and, thereupon, defendant filed its answer, which, in substance, admitted the issuance of the certificate and the death of the insured, but denied liability upon said certificate, alleging that the application signed by the deceased at the time she sought membership in said order, together with the medical examination, formed a part of said certificate, and that in said application deceased made certain false and fraudulent statements, representations, and warranties as to her condition of health, and that by reason of the falsity of said statements said certificate became and was null and void, and denied plaintiff's right to recover thereon.

To the answer of defendant plaintiff replied, alleging, in substance, that Lilly May Bell, mentioned in said pleadings above referred to, made true, full, correct, and complete answers to all questions propounded to her by said defendant's medical examiner, in her medical examination, and that said answers were written by said medical examiner, and if they, or any of them, are incorrect or do not state the facts, it is because they were not written by said medical examiner as given by the said Lilly May Bell and was not the result of any fraud or concealment practiced by said Lilly May Bell, but that said defendant, through its medical examiner, was fully advised and acquainted with all matters and things inquired about in her said medical examination.

Upon these issues tendered to the court the cause proceeded to trial on the 30th day of January, 1920, before a jury, and a verdict was rendered by the jury in the sum of $1,703.56, with interest at six per cent. per annum from September 15, 1918, in favor of the plaintiff. Motion for new trial was filed, which was overruled on February 26, 1920, and judgment rendered upon the verdict for the sum of $1,703 56, with interest at the rate of six per cent. per annum from September 15, 1918, together with the costs of the action, and defendant brings this case regularly on appeal to this court.

The first matter for consideration is the motion of plaintiff to dismiss the appeal upon the ground that defendant did not give notice in open court, at the time the judgment was rendered herein, of its intention to appeal to this court. Why attorneys should raise this question is not easily understood by this court, in view of the fact that a solemn stipulation was filed, signed by the attorneys for both sides, and made a part of the case-made, which is as follows:

"It is hereby stipulated and agreed by and between the parties hereto that upon the overruling of the motion for new trial that the defendant announced in open court its intention to appeal said cause to the Supreme Court of the state of Oklahoma; that said fact was noted in the minutes of the clerk, but was inadvertently omitted from the journal entry herein.

"George, Campbell & Ray,
"Attorneys for Plaintiff.

"Pennel & Harrison,
"Attorneys for Defendant."

In face of the above stipulation, which is made part of the case-made, the motion to dismiss the appeal is hereby overruled.

Attorneys for defendant set up eight specifications of error and discuss the refusal of the court to give certain instructions requested by them and complain of certain instructions given by the court, and further complain that the court did not sustain their demurrer to the evidence of plaintiff, and that the court committed error in permitting counsel to make improper remarks to the jury, and the refusal of the court to admonish the jury to disregard said remarks.. but they do not argue the specification that the court erred in overruling the demurrer of defendant to the petition and do not present properly the specifications of error as to the admission of evidence complained of, or as to the refusal of the court to admit certain evidence, and we will only discuss those assignments of error which are properly presented to this court by counsel for our consideration.

The record in this case has been very carelessly prepared, and three separate and distinct stipulations of counsel have been filed, one upon the proposition already referred to as to notice of intention to appeal, another as to the correction of the instructions of the court, which had been left out of the case-made, and another as to the minutes made by the trial judge on his bench docket, all of which could have been obviated if the attorneys had exercised proper care in the preparation of the record in the first instance.

The instructions that were tendered by attorneys for defendant to the trial court and refused by the trial court, upon examination of the record, were, in substance and effect, given by the court in his final instructions to the jury, and while the instructions given by the court are inartistically and loosely drawn, in that the court in some of his instructions used the word "plaintiff" where he should have used the word "deceased" or "insured", yet from the general context of the instructions in which said inaccuracy occurs we cannot say, and we do not believe, that the jury was misled as to the meaning of said instructions, but we think that those objections could have been easily obviated by the trial court exercising ordinary care in the preparation thereof. The statutory law of our state, section 2822, Comp. Stats. 1921, provides as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

And the above quoted statute has been construed numbers of times by this court.

Upon an examination of the whole record under the issues tendered in the pleadings in this cause, we think that the instructions of the court fairly presented the law applicable to this cause, and we do not think that this judgment should be set aside or new trial granted on the state of the record in this case on account of the complaint of misdirection of the jury or improper admission or rejection of evidence, or that there has been any substantial violation of a constitutional or statutory right of the defendant.

The evidence in this case is conflicting, but there is substantial evidence that the deceased paid all of her dues and assessments on her policy in compliance with its provisions; that she made correct and true statements to the medical examiner for the defendant, but that the medical examiner for the defendant did not write down her answers as given, and that the deceased made true answers to every question, but that the defendant's medical examiner wrote down incorrect answers or omitted material matters in such answers; that she did make a complete physical examination and was shown the scars where the deceased had been operated upon and was told the circumstances of said operations and she so certified in her report to the company, as shown by the examination of the record in this case, both in her certificate to the report on the examination and in a communication signed by her, and while there is a sharp conflict in the evidence and evidently some perjury committed in this case, yet these issues and these differences in the testimony were submitted to a jury, and the jury,, by its verdict, settled the disputed points in the evidence, and this court, in the case of National Council Knights & Ladies of Security v. Owen, 61 Okla. 256, 161 Pac. 178, decided:

"The truth or falsity of warranties in an application for insurance, where there is a conflict in the evidence, is a question of fact for the jury."

And this court has held in numerous opinions that where there is any fact upon which the finding of the jury can be reasonably sustained, this court will not disturb the verdict of the jury on appeal. Then,

the jury having determined that the questions were truthfully answered by the deceased, or insured, to the agent of the company, and that the agent of the company did not properly write such answers down, but wrote incorrect or false answers, and there being nothing in the record to show that there was any collusion between the agent and deceased, or that they conspired together to defraud the company, then such answers as were proven to have been made to the medical examiner gave notice to the company of all the matters complained of by the company in this action, as notice to the agent is notice to the company, and this principle of law has been decided by this court, and we are bound by it, in the case of Federal Life Insurance Co. v. Whitehead, 73 Oklahoma, 174 Pac. 784. In the body of the opinion, at page 790, we find this language:

"It is well, however, to keep in view the fact that there is a vast difference between notice or knowledge and waiver.

"Notice is information of a condition affecting an existing right.

"Waiver is the surrender or relinquishment of an existing right. Waiver may be effected voluntarily by an affirmative act by one having authority indicating an intention to waive and need not necessarily be preceded by notice; or waiver may be effected by the omission or failure of a party to assert in his behalf an existing right, which must be preceded by notice. The law enjoins upon all men the necessity to talk when they should talk, or they will not be heard to talk when they want to talk, and here the doctrine of estoppel arises.

"An estoppel may be said to arise when a person is concerned in or does some act either of record or in pais which will preclude him from averring anything to the contrary. An agent may have notice of a condition that would waive forfeiture, and yet not have authority to make the waiver. The precise question here presented is whether notice of the agent without authority to waive a forfeiture is notice to the company. It cannot be denied that the agent was acting within the scope of his authority when he became possessed of information of a condition that would waive a forfeiture of the policy in this case.

"As a general rule, notice to the agent and knowledge obtained by him while acting within the scope of his authority is notice to the principal. This applies to insurance companies and their agents respecting material facts affecting the risk, and such companies are estopped from asserting the invalidity of the policy at the time it was issued for the violation of any of the conditions of the policy if at the time it

was so issued the fact of such violation was known to the company or its duly authorized agent. So when the facts communicated to the agent had relation to or arise from the subject-matter of the agency, the presumption exists that the agent had communicated such facts to his principal. This is true whether the agent actually does so communicate such facts or not. It also correctly holds where the agent's failure so to do arose from mere neglect or ignorance, or whether the notice to the agent is actual or constructive. In case of special or class agents whose duty is to communicate certain facts to its directors or managing agents, notice to them of such fact is notice to the company. The force of the above statement is more apparent for the reason that as a legal entity the only knowledge or information the insurance company can acquire must be obtained through its agents.' Joyce on Insurance, sec. 515.

"In the case of Powell v. Cont. Ins. Co., 97 S. C. 375, 81 S. E. 654, where a defense to an action upon a fire insurance policy was that the insured had forfeited the policy, the court said:

" 'Knowledge of the fire insurance agent within the scope of his agency that an insured had removed the insured property, contrary to the terms of the policy, was imputable to the principal.'

"In the case of Schaeffer v. Farmer's Mutual Fire Ins. Co. of Dug Hill, Carroll County, 80 Md. 563, 31 Atl. 317, 45 Am. St. Rep. 361, where a defense was made to an action upon the fire insurance policy that the policy had been forfeited by the insured the court said:

" 'That the notice to the general agent was notice to the company, it being his duty to communicate it, and the refusal of the agent to give the permit asked for made no difference, because no permit was needed"

—and in the syllabus of the case we read:

"Notice of a condition that would work a forfeiture of the policy, gained by the agent while acting within the scope of his authority, is imputable to the company.

"That if the insured makes truthful disclosures concerning a material matter, but the agent, while acting within the scope of his authority, either carelessly or fraudulently writes a false answer, the same becomes the act of the company, and it is estopped from asserting such falsity in its behalf in an action wherein it is involved"

—and, in the body of the opinion, at page 792, we find further this language:

"The law is well settled, by a long list of unbroken authorities, that where the insured makes truthful disclosures, and the agent, acting within the scope of his authority, erroneously or fraudulently makes false answers for him, that the company

is bound by the acts of its agent"

—and, in this opinion, the court quotes with approval from the case of Adam Pfiester v. Mo. St. Life Ins. Co., 85 Kan. 97. 116 Pac. 245, as follows:

"An applicant for insurance without knowledge to the contrary may assume that the agent has prepared the application according to agreement, and that the company has written the policy according to the application, and he is not negligent in failing to examine such instruments for errors and omissions.

"It is the duty of such an agent to prepare the application of a person solicited to insure so that it will accurately and truthfully state the result of the negotiations, and the agent's failure to do so is, in legal effect, the fault 'or act' (our insertion) of the company.

"Agreements made between such an agent and a person whom he solicits to take insurance, as to what the application shall contain, are, in legal effect, made with the company, and bind it as to the contents of the application."

Then, upon the above authority, we are of the opinion that the law, and the facts in this case as settled by the verdict of the jury, sustain the judgment of the lower court, and in passing it will be observed that this agent of the company who made this examination and made this report had been in the employ of the company since 1912, and she was still in its employ, notwithstanding the fact that they claim in their brief that there was a conspiracy and collusion to defraud the company and seek to avoid the payment of this policy upon that ground.

Upon the assignment of error as to the improper argument of counsel, upon examination of the record, there is no direct testimony that Lilly May Bell knew definitely that she had cancer. Dr. Smith testified that he told her "it was probably cancer of the breast," and referred her to Dr. Blesh of Oklahoma City, and Dr. Blesh does not testify that he advised her that she had cancer, and, while the circumstances connected with her disease and operations were probably sufficient to at least tend to show that she knew she had cancer, yet there is testimony, as heretofore referred to, that she made truthful disclosures to Dr. Ray, medical examiner for the company, as to her disease and her operations and the purposes of the operations, and that the medical examiner examined the scars and made a complete physical examination of her, as shown by her certificate and signed statement, and in view of the fact that

the jury, by its verdict based upon this testimony, found that these true statements were made by the deceased to the medical examiner and examination was made by the medical examiner, we are of the opinion that this statement of counsel complained of is not of such significance as would entitle us to reverse this case upon this assignment.

And it further appears from the examination of the record that the company refused to pay upon this policy because of this fraud on the 15th day of September, 1918, and this action was not filed until June 19, 1919, and was not tried until January 30, 1920, over a year and four months after their refusal to pay on the grounds of the supposed fraud, and yet the company never made any tender back of the premiums that had been paid by the deceased, which the evidence discloses, had been fully paid.

In the case heretofore referred to of Federal Life Ins. Co. v. Whitehead, 73 Oklahoma, 174 Pac. 784, in section (g) of the second paragraph of the syllabus, we find this language:

"An insurance company in possession of notice sufficient to work a forfeiture of a policy, which continues to keep and retain the premium paid until after suit is brought to enforce collection of the policy several months after the death of the insured, will be deemed to have waived the forfeiture, and its offer in its answer for the first time to return the premium comes too late." (Also see Am. Bankers' Ins. Co.v. Thomas, 53. Okla. 11, 154 Pac. 44.)

And we could quote numerous other authorities in support of this proposition, but as our court has passed squarely upon this question, we deem it unnecessary to refer to any other and further authority.

While this case has presented several difficulties, yet we are constrained to believe that the trial of the case in the lower court is free from any error upon which to base a reversal of this cause, and it is, therefore, our opinion that the judgment of the lower court should be, and is hereby, affirmed.

By the Court: It is so ordered.