## SECURITY BENEFIT ASS'N v. GREEN.

No. 14939—Opinion Filed Oct. 21, 1924.

1. **Insurance—Life Insurance—Erroneous Answers as to Health in Application Through Fault of Agent—Evidence to Vary.**

If the applicant for life insurance truthfully states the facts to the agent pertaining to the questions being asked him about his health, and the agent, who is authorized to ask the questions and write the answers, deduces erroneous answers and writes them into the application, the beneficiary will not be prevented from showing the true facts of the insured's warranty.

2. **Same — Acts of Agent Estopping Principal.**

The agent, who is acting within the scope or apparent scope of his authority in asking the applicant questions about his health, and in writing down the answers, is presumed to know what his principal desires. The agent who prepares the application for insurance from the answers of the applicant, which he declares to be satisfactory and receives the premium for the insurance, binds his principal by the delivery of the contract of insurance. The insured has the right to believe, under the circumstances, that the contract he is receiving from the company gives him the indemnity for which he has paid his money. The acts of the agent will operate as an estoppel against the principal to plead the erroneous answers as false representations by the insured.

3. **Appeal and Error—Sufficiency of Evidence—Verdict.**

If there is any testimony that reasonably tends to support the verdict of the jury, the judgment will not be reversed on appeal.

4. **Same—Judgment Sustained.**

Record examined; held, the issues were fairly submitted to the jury, and the evidence supports the verdict.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Action by Ida Green against the Security Benefit Association for recovery on policy of insurance issued to her deceased son. Judgment for plaintiff. Defendant brings error. Affirmed.

Robt. Burns, for plaintiff in error.

J. B. Dudley, for defendant in error.

Opinion by STEPHENSON, C. The de-

fendant delivered its policy of insurance in the sum of $2,000, on June 30, 1921, to Montie R. Green. Ida Green, the mother of the insured was named as the beneficiary in the contract of insurance. Montie R. Green died on March 20, 1922, from pulmonary tuberculosis. The insurance company failed and refused to pay the death claim to the beneficiary, and she commenced her action against the defendant for recovery. The defendant filed its answer by way of general denial, and as a further defense alleged that the insured made false representations in his application for insurance, which operated to render the policy void. The plaintiff filed her reply setting forth that the insured made a true disclosure of the facts pertaining to his health to the agent who wrote the answers in the application, and that the defendant was thereby estopped to plead the erroneous answers as a breach of warranty on the part of the insured. The cause came on for trial, and verdict was returned for the plaintiff for the amount sued for. The defendant has appealed the cause and assigns the following errors for reversal here:

1. The verdict of the jury is contrary to the evidence; (2) the verdict of the jury is contrary to law: (3) errors of the court in submitting the issues to the jury.

The defendant denies the plaintiff's right of recovery on the claim that the insured made false statements and representations in his application for insurance relating to the condition of his health. The defendant alleges that the plaintiff warranted that his answers to all questions were true, and that it relied on such representations and warranties in delivering the policy to the deceased. The particular answer which is assailed by the defendant relates to one of the questions inquiring of the applicant if he had any of the several diseases named. The question catalogued among the several diseases. la grippe, influenza, etc. The insured answered that he had pneumonia in 1911. It appears that the insured had suffered from an attack of influenza in the year 1918. It further appears that the insured had Dr. Barker of Oklahoma City to make a careful examination of his physical condition in the year 1920, and caused an X-ray picture to be made of his chest. Dr. Barker testified that a careful test of the lungs and the X-ray pictures did not show an impaired condition of the lungs. The examination was desired by the insured for the sole purpose of ascertaining if he had completely recovered from the attack of influenza, and was then in good physical condition. The insured did not have the examination made

for the purpose of securing insurance. The plaintiff offered evidence to show that the insured advised the agent of the company, who was taking the application, fully of the foregoing facts. The plaintiff showed by further proof that the agent advised the insured that it was not necessary to show in the application that he had suffered from an attack of influenza, or to show that an examination had been made by Dr. Barker. Apparently, the agent was lead to believe from the results of the examination made by Dr. Barker, and the X-ray picture, that the insured did not suffer any ill results from the attack of influenza, and for that reason it was not necessary to burden the record. If the agent failed to recite the matters pertaining to the sickness and examination for the reason that he believed the insured had suffered no impairment, we are not prepared to say that the action of the agent was at all unreasonable under the circumstances. The agent had control of the matter of preparing the application for the insurance, and had the benefit of a full disclosure of all the facts by the insured. It appears that the agent was acting within the scope of his authority in taking the application for the insurance and in delivering the contract to the insured. If the agent in the preparation of the application, after receiving full disclosures from the applicant relating to his health, deduced erroneous answers and wrote the same in the application, it is not the fault of the insured. The record discloses that the applicant acted in good faith in making full disclosure of the condition of his health. It would be an unreasonable rule of law that would deny the beneficiary recovery in this case on the record as is made by the parties, when it appears that the agent and insured were acting in good faith in the preparation of the application.

If the agent is acting within the scope of his authority in preparing an application for the insured. and deduces erroneous answers from the statements of fact made to him by the applicant, the acts of the agent are binding on the insurance company. In an action by the beneficiary for recovery on the policy the insurance company will be estopped to set up the erroneous answers as false representation by the insured to defeat recovery. Knights and Ladies of Security v. Bell, 93 Okla. 272, 220 Pac. 594; Sovereign Camp W. O. W. v. Pettigrew, 98 Okla. 138, 224 Pac. 545; Fed. Life Ins. Co v. Whitehead. 73 Okla. 71, 174 Pac. 784; Mutual Benefit Life Ins. Co. v. Robison, 58 Fed. 723: Insurance Co. v. Olmstead, 21 Mich. 246.

The question as made by the answer of the defendant and the plea of estoppel by the plaintiff created an issue of fact for submission to the jury. The issues of fact were fairly submitted to the jury, and the verdict of the jury for plaintiff is amply supported by the testimony. The jury returned its verdict for the plaintiff in the sum of $2,114.67 on June 22, 1923. The defendant filed a supersedeas bond in the cause for which the Fidelity and Deposit Company of Maryland became surety. The defendant in error has filed application for judgment against the surety on the bond.

Therefore it is ordered, adjudged, and decreed by the court that the defendant in error have and recover from the Fidelity and Deposit Company of Maryland, as surety on the supersedeas bond, the principal sum of $2,114.67, with interest at six per cent. from June 22, 1923, until payment, and for the costs of this action.

It appearing that the verdict of the jury and judgment thereon is without error, it is recommended that the same be affirmed.

By the Court: It is so ordered.