## PRITCHARD v. AMERICAN NATIONAL INS. CO. OF GALVESTON, TEX.

No. 19312. Opinion Filed Sept. 24, 1929.

Rehearing Denied Nov. 5, 1929.

C. P. Kimble, for plaintiff in error.

Mosier & Mosier, for defendant in error.

RILEY, J. This cause of action was begun in the city court of Muskogee by plaintiff in error, who sued as beneficiary named in an insurance policy issued by defendant in error upon the life of William Pritchard. Judgment was for defendant. Plaintiff appealed to the district court, where a demurrer was sustained to plaintiff's evidence and a directed verdict was entered.

It was established by plaintiff's evidence that application for insurance was made on October 25, 1926. The agent of defendant made. inquiry as to questions and wrote the answers down, but at the time the application was made the insured was sick and afflicted with a cough. The agent of defendant insurance company was so informed by insured and others, and in addition to such disclosure of facts he viewed the applicant and surroundings at the time of the application, and again on October 29th, and made an inspector's report upon the application showing the condition of health of applicant

to be good and his hygienic surroundings favorable, as well as a statement that he, the agent, considered the "life first class and safely insurable," which report was signed by the agent of defendant. The policy was delivered to insured at his home, where he was sick on November 8, 1926, by the agent, who received premium of 84 cents from plaintiff beneficiary, mother of insured. On November 17, 1926, insured died of pulmonary tuberculosis. The proof of death made by plaintiff shows deceased was confined for a period of six weeks by his last illness and that he died of tuberculosis.

The contention of the defendant insurance company is that a fraud was perpetrated upon them by insured and that no obligation existed by reason of the terms of the policy providing:

"That no obligation is assumed by the company prior to the date hereof, nor unless on said date the insured is alive and in **sound health.**"

In other words, the contention is that, since plaintiff showed by her evidence that insured was not in good health at the time of application and delivery of the policy, the contract, by its terms, never became effective, but always was conditioned upon the fact of sound health.

We do not accept that rule, for in Federal Life Ins. Co. v. Whitehead, 73 Okla. 71, 174 Pac. 784, it was held:

"Notice of a condition that would work a forfeiture of the policy, gained by the agent while acting within the scope of his authority, is imputable to the company."

And in Security Benefit Ass'n v. Green, 103 Okla. 284, 229 Pac. 1061, this court held:

"The agent, who is acting within the scope of his authority in asking the applicant questions about his health, and in writing down the answers, is presumed to know what his principal desires. The agent who prepares the application for insurance from the answers of the applicant, which he declares to be satisfactory, and receives the premium for the insurance, binds his principal by the delivery of the contract of insurance. The insured has the right to believe, under the circumstances, that the contract he is receiving from the company gives him the indemnity for which he has paid his money. The acts of the agent will operate as an estoppel against the principal to plead the erroneous answers or false representations by the insured."

See, also, Security Ins. Co. v. Cameron, 85 Okla. 171, 205 Pac. 151. That rule was reiterated in Security Life Ins. Co. v. Woods, 118 Okla. 156, 247 Pac. 356.

It appears from the pleadings and evidence that plaintiff signed a release and surrendered the policy upon repayment of the premium by the company after the death of insured, but plaintiff contends that said release and surrender was obtained by fraud and duress under threats of prosecution. We hold that such an issue, as well as the principal one, that is (a) did insured know he had the disease of tuberculosis at the time of application and issuance of the policy? and, if answered affirmatively (b) did insured conceal the fact of such disease from the insurance company and thereby fraudulently secure such policy of insurance? are decisive of this case and such issues should be submitted to a jury for determination under the evidence and proper instructions of the court.

Reversed and remanded.

MASON, C. J., and CLARK, HUNT, HEFNER, CULLISON, and SWINDALL, JJ., concur.

LESTER, V. C. J., and ANDREWS, J. absent, not participating.

Note.—See 14 R. C. L. 1167; R. C. L. Perm. Supp. 3763. See "Life Insurance," 37 C. J. §262, p. 529, u. 76; §296, p. 537, n. 92.