## ATLAS LIFE INSURANCE CO. v. SULLIVAN.

No. 24115.    June 18, 1935.

Rehearing Denied July 9, 1935.

Monnet & Savage, for plaintiff in error.

Chas. R. Gray and W. N. Palmer, for defendant in error.

PER CURIAM. The defendant company wrote a joint insurance policy on the lives of plaintiff and his wife. The answers to the questions contained in the blank form of application for said policy were written by the defendant's agent, who questioned the plaintiff in the absence of plaintiff's wife. It appears from the evidence that the plaintiff truthfully answered all questions asked him by the agent, and on the trial of this action, wherein the plaintiff sued the insurance company to recover the amount of insurance due under the policy after the death of his wife, the agent did not dispute or contradict plaintiff's evidence to that effect. Hence, for the purpose of this appeal, the issues of fact having been decided by a jury, we may assume the facts to be that the plaintiff did truthfully answer all of said questions, but that the agent did not correctly record the answers, and that had they been correctly recorded the insurance company would not have issued the policy.

One of the questions contained in the ap-

plication was whether the insured was or had been afflicted with cancer, and it was answered in the negative. The evidence does not indicate that either the deceased or the plaintiff had knowledge of the fact, at the time of the issuance of the policy, that she was afflicted with cancer, although they may have suspected it. Other questions concerned information as to whether she, the insured, had undergone any operations or had visited physicians for certain purposes within the preceding five years. The answers as written by the agent in the application blank were that she had not. The plaintiff, however, testified that he frankly and fully revealed to the agent the fact that the insured had had an operation, and had told him of several doctors whom she had consulted. Some 50 or more diseases and afflictions are listed in the application, and the agent testified that it had never been his custom to ask applicants all the questions on the application blank; he further testified that he could not say whether the answers contained in the application, as written by him, corresponded with the answers as actually given by the plaintiff on the occasion of the taking of the application. When the application was completely filled out by the agent, the plaintiff signed it without reading it and then took it to an adjoining house where his wife likewise signed it without reading it. Plaintiff paid the premiums. When the policy was received by plaintiff and his wife, with a miniature photostatic copy of said application attached thereto, they filed it away with their other papers; and plaintiff testified that his wife never read the policy nor the application, and that neither had he read either of them until after her death. The jury returned a verdict and judgment was rendered thereon against the defendant. The defendant appeals on the theories hereinafter set forth.

The petition in error contains five assignments of error, the first being that the court erred in overruling the motion of the plaintiff in error for a new trial; and the second, that the court erred in giving the following instructions:

Instruction No. 2:

"You are instructed that the undisputed evidence in this case disclosed the fact that certain portions of the answers contained in the application upon which the insurance policy in question was issued, and as contained therein, are untrue. This fact having been established conclusively, the burden of proof is upon the plaintiff to estab-

lish to your minds by a preponderance of the evidence the fact that he truthfully answered all questions which were asked him by the agent of the insurance company in taking the application. And in this connection, you are told that the plaintiff herein cannot recover unless he established by a preponderance of the evidence the fact that he truthfully answered all questions which were asked him by the agent or the insurance company, and that said agent did not correctly record the answers made by the plaintiff herein upon said application for insurance.

"In this connection, you are further told that if you find from the evidence, facts and circumstances in proof that the agent of the insurance company recorded incorrectly the answers made by the plaintiff herein as to the condition of his wife's previous health, and if you find from the evidence, facts and circumstances in proof that the plaintiff herein at the time thereof or at any time previous to the death of his wife knew that said application contained false answers with reference thereto, and failed to advise the insurance company thereof, then and under such circumstances this would constitute a fraud upon the defendant herein, and the plaintiff could not recover."

Instruction No. 5:

"You are instructed that the applicant for the life insurance is not bound to do more than answer fairly the questions asked and a failure of the applicant to disclose facts which might have been material, if called for, will not defeat the right to recover under the insurance policy."

Instruction No. 6:

"You are further instructed that if the plaintiff truly answered the interrogatories propounded by the agent of the insurance company, and that said agent of the insurance company recorded incorrect answers with reference thereto, and that the plaintiff herein along with his wife signed the application which was the basis of the issuance of the insurance policy, and that he did not discover at the time of signing the same or at any time thereafter prior to the death of his wife that said answers to the questions propounded therein had been incorrectly recorded, that then and under such circumstances the plaintiff herein would be entitled to recover; the insurance company would be held liable for the wrongful conduct of its agent under such circumstances."

Instruction No. 7:

"You are instructed that if you find from the evidence, facts and circumstances in proof that the plaintiff herein, upon being interrogated by the agent of the insurance company with reference to his wife's pre-

vious health, and with reference to whether or not she was or had been recently treated by physicians, disclosed to the agent of said insurance company that she had previously been operated upon for tumor or cancer, and that she had been confined to the hospital in Coffeyville for any period as a result thereof, and that she had been treated by other physicians therefor, and the agent of the insurance company, after having been informed with reference thereto, failed to record the same upon the application which was the basis of the insurance policy, and if you further find from the evidence, facts, and circumstances in proof that the plaintiff herein, together with his wife signed the application without knowledge of the fact that the agent of the insurance company had improperly recorded the answers to the interrogatories propounded, and if you further find that the plaintiff herein had no knowledge of the incorrect recording of the answers to such interrogatories contained in said application, prior to the death of his wife, then and under such circumstances the defendant herein would be bound by the wrongful conduct of its agent, and the plaintiff would be entitled to recover."

Third, error of the court in refusing the peremptory instructions requested by plaintiff in error; fourth, error in admission of evidence on the part of the defendant in error; fifth, error of the court in refusing and ruling out competent, legal evidence on the part of the plaintiff in error.

The issues in this action can be disposed of by determining whether or not the instructions complained of in the second assignment of error were properly given to the jury by the court.

In support of its objection to the above instructions, the defendant relies chiefly upon cases decided by courts of other jurisdictions and urge that in the several decisions rendered by this court we overlooked section 10524, O. S. 1931, the third section of which is as follows:

"Third. That the policy, together with the application therefor, a copy of which application shall be endorsed upon or attached to the policy and made a part thereof, shall constitute the entire contract between the parties and shall be incontestable after two years from its date, except for nonpayment of premiums and except all violations of the condition of the policy relating to the naval or military service in time of war; Provided, that the application therefor need not be attached to any policy containing a clause making the policy incontestable from date of issue."

Defendant relies largely upon the case of Drilling v. New York Life Ins. Co., 234 N. Y. 234, and other cases adhering to the rule adopted in that case, which holds that a soliciting agent taking an application for insurance has no power or authority to waive conditions in the application requiring that the policy be delivered while the applicant is in good health, and that no terms of the application or of the policy can be waived except by certain officers of the insurance company. We have no criticism of this rule, but the question of waiver of the terms and conditions of the application or of the policy are not an issue in this case. Recovery upon a policy of insurance cannot be defeated because the insured fails to examine the policy and the application therefor promptly upon receipt of the same. The court announced this rule in substance in the case of Commercial Casualty Insurance Co. v. Varner, 160 Okla. 141, 16 P. (2d) 118, which case is quoted from further in this opinion.

The question involved in this case, as we view it are:

1. Did the plaintiff and deceased, in making the application, truthfully answer such questions as were submitted to them by the soliciting agent?

2. If they did truthfully answer the questions propounded in the application without concealment and without intention to defraud the insurance company, and such answers were not correctly written into the application by the soliciting agent, was the knowledge as made in the answers actually given to the soliciting agent the knowledge of the company, and is the company bound thereby?

3. If the facts were in any manner concealed by the applicant, was such withholding of the facts done in bad faith and with intent to defraud?

The jury answered the first question in favor of the plaintiff. The defendant objected to the plaintiff's being permitted to testify that the answers as written in the application by the soliciting agent were not correctly written into the application, but that the plaintiff in making the answers, as is shown by the testimony summarized above, did disclose the facts to the agent. The objection to this evidence is without merit. If such testimony as offered is not admissible, then there would be no way of proving such facts as these, which would be available to a party seeking to recover on an insurance policy. It must be borne

in mind that information disclosed to an insurance company in an application for a policy of insurance is, under the settled statutory and case law of this state, a representation and not a warranty, provided there is a fair, frank disclosure of the facts without intention on the part of the applicant to conceal material facts.

In Pritchard v. American National Ins. Co. of Galveston, Tex., 139 Okla. 248, 281 P. 774, the court held:

"Where the agent of a life insurance company acting within the scope of his authority, is informed by the applicant that the person to be insured is at the time in bad health, such knowledge is imputable to the company, and where, in such case, the agent, notwithstanding such knowledge, prepares an application for insurance, showing the person to be in good health, accepts the premium, and delivers the application and premiums to his company, and on such application policy is issued and the premium retained, and the company continues to collect the premiums as they fall due until the death of the insured, the defense that the policy was forfeited by reason of false statements contained in the application to the insurer is not available in a suit to collect on the policy."

In the foregoing case the court cited and followed the following cases: Security Benefit Association v. Green, 103 Okla. 284, 229 P. 1061; Security Insurance Co. v. Cameron, 85 Okla. 171, 205 P. 151; Security Life Insurance Co. v. Woods, 118 Okla. 156, 247 P. 356. Many other cases by this court could likewise be cited supporting this rule, but such citations and quotations therefrom can only serve to add to the length of this opinion. This matter having been submitted to the jury under proper instructions and resolved against the defendant, we find no error.

This court has passed on the second question and resolved against the contention of the defendant. The soliciting agent was the agent of the company and not the agent of the applicant. It necessarily follows that the knowledge of the soliciting agent in the absence of fraud or collusion between the soliciting agent and the applicant, becomes the knowledge of the company, and it is bound thereby. The question of the right of waiver of the terms or conditions of the application, or of the policy, is therefore not involved in a determination of this question.

In Pritchard v. American National Ins. Co. of Galveston, Tex., supra, this court

cited with approval Federal Life Ins. Co. v. Whitehead, 73 Okla. 71, 174 P. 784, wherein it was held:

"Notice of a condition that would work a forfeiture of the policy, gained by the agent while acting within the scope of his authority, is imputable to the company."

In Security Benefit Ass'n v. Green, 103 Okla. 284, 229 P. 1061, this court held that a life insurance agent taking an application is the agent of the company, and is not the agent of the insured. To the same effect was the holding in Security Ins. Co. v. Cameron, 85 Okla. 171, 205 P. 151, 27 A. L. R. 444.

We hold that information received by the agent of the company when writing the application is imputable to the company, and it is bound thereby, and an insurance company cannot escape liability on a policy in such a case by showing that its agent wrote different answers to the questions propounded in the application, and then proving that such different answers are untrue. It is the duty of the company's agent to furnish the company with the truth, and if its own agent refused to do so, in the absence of collusion and fraud with the applicant, which is not an issue in the case at bar, the insurance company is bound by the knowledge received by such agent.

The third question must be answered in the negative for the reason that the question of intent to defraud, bad faith and concealment of facts is a question for the jury in this state, and the jury resolved that question against the defendant and in favor of the plaintiff. The evidence not only fails to show collusion between the soliciting agent and the applicant, or the plaintiff herein, but no such contention is made by the defendant. On the other hand, the evidence is ample to support the contention of the plaintiff that he made full disclosure to the defendant through its soliciting agent, of the history of the health of the deceased; and had his answers been correctly written down by the soliciting agent, or had he disclosed to the defendant the answers actually made, full opportunity would have been given to the defendant to make inquiry and investigation before issuing the policy. This question has likewise been before the court and determined against the contentions of the defendant.

This proposition, as well as other questions raised, have heretofore been passed on by this court in a long line of cases hold-

ing contrary to the contentions of the plaintiff in error. One of these cases is Mid-Continent Life Ins. Co. v. House, 156 Okla. 285, 10 P. (2d) 718, wherein the court held:

"Whether a person is in good health as that term is used in its ordinary meaning at the time of the delivery of an insurance policy, must depend upon the facts and circumstances of each given case, and cannot be determined by any general rule. Such questions are for the determination of a jury or the court sitting as a jury as the trier of the facts.

"When a life insurance policy containing such a provision as set forth in paragraph 1 of the syllabus has been delivered and the first premium paid, the burden of proof is upon the defendant insurance company to prove that the policy was delivered while the insured was not in good health."

See, also, Lincoln Health & Accident Ins. Co. v. Coslow, 158 Okla. 169, 12 P. (2d) 875, wherein the court held:

"Where a policy of life insurance provides that all statements made by the insured shall, in the absence of fraud, be construed as representations and not warranties, in order for representations made by the insured in an application to avail the insurer as a defense, it must show, not only that the statements were not true, but that they were willfully false, fraudulent, and misleading, and made in bad faith.

"The question as to whether certain answers given to questions in an application for insurance are false, and as to the intent of the applicant in making them, is a question of fact for the jury, or for the court sitting as a jury."

In Commercial Casualty Ins. Co. v. Varner, 160 Okla. 141, 16 P. (2d) 118, the court held in paragraph 3 of the syllabus:

"Insured's failure to promptly examine accident policy and discover departure therein from real agreement before loss, held not to defeat reformation."

The defense that the insured practiced fraud upon the insured in obtaining the policy of insurance is an affirmative defense, and fraud must not only be alleged but proved by the defendant by competent evidence. Mutual Life & Accident Ass'n v. Moore, 162 Okla. 260, 20 P. (2d) 168.

It is apparent from the state of the record that plaintiff below sustained the burden of proof cast upon him, and the defendant below failed to sustain the burden of proof which the law placed upon it.

In prior decisions of the court cited herein, it will appear that the court took full cognizance of the various provisions of the statutes governing insurance policies, application therefor, and the issuing of the same. The trial court properly instructed the jury, and we find no error in such instructions.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys W. B. Garrett, E. E. Gore, and Jno. B. Wilson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Garrett and approved by Mr. Gore and Mr. Wilson, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur. WELCH, J., absent.