## SECURITY BENEFIT ASSOCIATION v. GLENN.

No. 26897. April 13, 1937.

Rehearing Denied May 4, 1937.

A. W. Fulton, A. J. Burton, and Bailey & Hammerly, for plaintiff in error.

John W. Tyree and C. T. O'Neal, for defendant in error.

PHELPS, J. In February, 1931, plaintiff in error, a mutual benefit life insurance company, using the lodge plan of operation, delivered its policy or benefit certificate to John Allen Glenn. On March 2, 1932, the insured died of cancer. The company denied liability upon the ground that the insured knew that he was suffering from the effects of this disease at the time he secured the benefit certificate. Effie Mae Glenn, his widow and beneficiary, filed suit in the district court of Comanche county on the policy, resulting in a verdict and judgment for the face of the policy, less $49.20, representing the amount of the premiums paid which had by the company been returned to the beneficiary.

There is no question but that the insured was suffering with cancer at the time he made the application and had been so suffering and under treatment by various physicians for a year or two prior to that time. There is no dispute but that he died from the effects of the disease from which he was suffering at the time the insurance policy was delivered, but it is contended by the beneficiary that the answers to the questions contained in the application for the policy, while written by her, were answered under the direction of one Flora S. Ray, who was the district manager and agent for the insurance company. Mrs. Glenn testified that she advised Mrs. Ray that Mr. Glenn had been to a hospital for treatment, but that notwithstanding this information Mrs. Ray advised negative answers to the questions which plaintiff in error now claims constituted the misrepresentations. The cause was submitted to the jury upon the one proposition—as to whether the insurance company, knowing the ailment

with which deceased was afflicted, waived this fact and the provision in the policy and accepted premium payments for more than a year before his death.

It also appeared in evidence that at the time the deceased was initiated Mrs. Ray observed and made inquiry and comment upon the fact that he had a small bandage on his ear and was told that he was afflicted with cancer, but, knowing this, permitted him to be initiated and become a member of the order.

All this evidence was generally denied by Mrs. Ray, but the questions of fact were submitted to the jury for its determination. In Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 P. 594, in the eighth and ninth paragraphs of the syllabus, we said:

"If the insured makes truthful disclosures concerning a material matter, but the agent, while acting within the scope of his authority, either carelessly or fraudulently writes a false answer, the same becomes the act of the company. and it is precluded from asserting such falsity in its behalf in an action wherein it is involved.

"It is the duty of an agent for an insurance company to prepare the papers under his supervision so that they will accurately and truthfully state the result of the negotiations, and the agent's failure to do so is, in legal effect, the fault of the company."

Security Benefit Ass'n v. Green, 103 Okla. 284, 229 P. 1061, is a case quite similar to the instant case, except it appears that in that case the agent wrote the questions to the answers, while in the instant case the beneficiary actually did the physical writing, but answered the questions as directed by the agent, and in the first paragraph of the syllabus, we said:

"If the applicant for life insurance truthfully states the facts to the agent pertaining to the questions being asked him about his health, and the agent, who is authorized to ask the questions and write the answers, deduces erroneous answers and writes them into the application, the beneficiary will not be prevented from showing the true facts of the insured's warranty."

The authority last above cited may seem to lay down a rather harsh rule, but the facts in that case are quite similar to the facts in the instant case, and so long as the pronouncements laid down in that case are the law of this state we conceive it to be our duty to follow them, and in the interests of brevity reference is hereby made to the four paragraphs of the syllabus in

that case and adopted and applied as the law of this case.

The judgment of the trial court is affirmed.

OSBORN, C. J., and RILEY, CORN, and HURST, JJ., concur.