**Robert L. BAILEY, Appellant,**

v.

**GULF INSURANCE COMPANY,**
**Appellee.**

**No. 9598.**

United States Court of Appeals
Tenth Circuit.

Feb. 1, 1968.

---

Sam F. Whitlock, Norman, Okl. (John M. Luttrell, Norman, Okl., was with him on the brief), for appellant.

James M. Robinson, Oklahoma City, Okla. (Hanson, Fisher, Tumilty, Peterson & Tompkins and Walter D. Hanson, Oklahoma City, Okl., were with him on the brief), for appellee.

Before WOODBURY*, BREITENSTEIN and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-plaintiff Bailey sued to recover on a fire insurance policy issued by appellee-defendant Gulf Insurance Company on a fraternity house located in Norman, Oklahoma. Jurisdiction is based on diversity. The facts were stipulated. The trial court gave judgment for the insurer and this appeal followed.

The prime issue is whether the rule condemning dual agency permits the insurer to avoid liability for violation of the vacancy clause when its contract-writing agent knew of the vacancy. Oklahoma prescribes by statute[1] standard provisions for fire insurance policies. The pertinent provision of the policy is identical to the statutory form and reads:

> "Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring * * * (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of sixty consecutive days * * *."

In September 1961, Poynor, a contract-writing agent for the insurer, executed a five-year policy insuring against fire a house owned by Delta Sigma Phi, a national fraternity. The policy was renewed in September, 1966 for a one-year term. The house was rented to a local chapter which became inactive in September, 1965. The house was unoccupied thereafter. The fire occurred on October 31, 1966.

At all pertinent times, Poynor was a member of the fraternity and of its local Alumni Control Board. After the vacancy Poynor, on behalf of the fraternity, looked after the property and took steps "to protect it from vandalism, breakins, keeping it insured against loss and, in general, preventing its waste and

---

* Of the First Circuit, sitting by designation.

1. See 36 Okl.St.Ann. § 4803.

destruction." The property was listed with him for sale and he was authorized to procure bids for the removal of the house. The stipulation states that Poynor "did attend to matter affecting said realty the same as he did for other owners who had property listed for sale with him, attended to having the lawn mowed, shrubs trimmed, etc. and sent the bills for the work to the owner who remitted by check to the laborer through his office * * *." When the five-year policy expired, the mortgagee requested a renewal and "since it appeared the property would be disposed of shortly and the fraternity had been a good insurance client of Gulf, Insurance agent Poynor issued the policy sued upon for a term of one year to provide coverage until the property was disposed of."

After the second policy was issued by Poynor, plaintiff Bailey became interested in the property through one Ledbetter who was acting for the national fraternity. On October 27, 1966, Bailey contracted to buy the property. He knew that the house was insured through Poynor and he knew of Poynor's relationship to the fraternity. Bailey obtained title by deed dated November 17, 1966. The fraternity agreed that Bailey could bring this suit in his own name without joining it. No issue is raised on this appeal of the right of Bailey to maintain the action.

The general rule is that knowledge of an agent obtained within the scope of his authority is ordinarily imputed to his principal.[2] The insurer says that Poyner in concealing from it knowledge of the vacancy was acting for the fraternity and against the interest of the insurer. Such conduct is said to be forbidden by Evans v. Brown, 33 Okl. 323, 125 P. 469, and Great Western Insurance Company v. Farmers' Warehouse Company, 91 Okl. 118, 217 P. 208. The cases are distinguishable on the facts. In Evans the agent for the seller

of property was the secret agent of the buyer and made a sale at substantially less than the fair value. In Great Western the agent who wrote the policy was a stockholder, director, and officer of the insured and thus had a pecuniary interest and owed a fiduciary duty to the insured.

The insured counters with Home Insurance Company of New York v. Southern Motor Coach Corporation, 171 Okl. 94, 41 P.2d 870, and Motors Insurance Corporation v. Freeman, Okl., 304 P.2d 328. The Home Insurance decision permitted recovery from the insurer and said that the dual agency rule applied where the agent "had a direct pecuniary interest in the subject-matter, or occupied a direct fiduciary relation toward the principal which would strongly induce or imply an improper motive for the action taken."[3] In the Motors Insurance decision the court allowed recovery on a fire policy on an automobile. The office manager for the dealer selling the car was a soliciting agent for the insurer. In preparing the application for insurance, the office manager did not note a second mortgage of which he had full knowledge. The court said that even though the agent may have had some personal interest in the concealment, his knowledge was imputable to the insurer "in the absence of proof that the applicant knew, or should have known, that the company was being deceived."[4]

In sum, the Oklahoma court has recognized the general principle that a man cannot serve two masters, but in actions on insurance policies has said that the rule does not apply unless (1) the agent has a direct pecuniary interest, (2) the agent has a direct fiduciary relation which would imply an improper motive, or (3) the insured knew, or should have known, that the insurer was being deceived. We find none of these elements present in the case before us. The agent had no pecuniary interest, direct or otherwise, in the property.

2. Motors Ins. Corp. v. Freeman, Okl., 304 P.2d 328, 330.

3. Home Ins. Co. v. Southern Motor Coach Corp., 171 Okl. 94, 41 P.2d 870, 873.

4. Motors Ins. Corp. v. Freeman, Okl., 304 P.2d 328, 330–331.

There is no showing that he received compensation of such magnitude from the fraternity as to give him a direct pecuniary interest of the kind condemned by the Oklahoma cases. Indeed, there is no showing of record that he was paid anything by the fraternity. His only hope of compensation was a commission for sale of the property and the commission which he received for writing the insurance. The sale of the property to Bailey was brought about by the efforts of Ledbetter.

The fraternal interest which Poynor had in Delta Sigma Phi does not give rise to the dignity of a fiduciary relationship. Without compensation he cared for and safeguarded the property. The insurer stresses the concession in the stipulation that Poynor "took steps" to keep the property insured. We apprehend that many real estate and insurance agents who have charge of property for non-resident owners write insurance on such property. In such situations there is undoubtedly a relationship of trust and confidence. Under the Home Insurance decision that is not enough to justify application of the dual agency rule unless the relationship "would strongly induce or imply an improper motive for the action taken." We find no such inducement or implication in the record before us.

No showing is made of any direct knowledge of either the fraternity or Bailey that Poynor had concealed the vacancy from the insurer. There is no showing that the fraternity did anything in connection with the insurance except to authorize Poynor to write it and to pay the premium. Nothing indicates that any officer of the fraternity ever saw the policy. For all the record discloses, the policy was sent to the mortgagee.

The only claim of knowledge must rest on the theory that Poynor was the agent of the fraternity, that he knew of the vacancy, and that his knowledge of concealment of the vacancy is imputable to the fraternity. This circuitous reasoning does not appeal to us. It overlooks the fact that the Oklahoma Supreme Court was confronted with a comparable situation in the Home Insurance case and allowed the insured to recover because the agent had no pecuniary interest in the subject matter. Here, as in that case, "no evidence in the record * * * discloses any conflict of interest such as is found in the cases where the dual agency rule * * * has been applied."[5] We are unwilling to impute Poynor's knowledge of his own default to the fraternity.

Appellant Bailey has established his right to recover on the policy. The case is reversed and remanded for further proceedings on the matter of damages.

---

5. Home Ins. Co. v. Southern Motor Coach Corp., 171 Okl. 94, 41 P.2d 870, 874.