## BONDED ROYALTIES, Inc., et al. v. JEFFERSON et al.

No. 25687.    Sept. 25, 1935.

Rehearing Denied Oct. 29, 1935.

Twyford & Smith and William J. Crow, for plaintiffs in error.

J. Walker Field and McLaury & Hopps, for defendants in error.

PER CURIAM. In this case plaintiffs below are plaintiffs in error and defendants below are defendants in error, and will be referred to herein as plaintiffs and defendants in the order in which they appeared in the lower court.

Plaintiffs bring their action against defendants seeking specific performance of a written contract, alleging that the plaintiffs are the owners of an undivided one-half of the mineral and oil and gas rights under block nine (9), Meads addition to Oklahoma City, Okla. Plaintiffs allege that plaintiff Arthur Sory purchased said oil and gas and mineral rights from defendant Branch Jefferson, on March 16, 1932, paying therefor a cash consideration of $250, at which time a mineral deed for said interest was placed in escrow in the Fidelity National Bank of Oklahoma City, Okla., to be delivered to the said Arthur Sory on the payment by him of the further sum of $825 on or before March 26, 1932. Plaintiffs allege that at the same time an agreement was entered into between plaintiff Arthur Sory and defendant Branch Jefferson, which was placed in escrow in said bank, whereby said Branch Jefferson agreed to sell and said Arthur Sory agreed to buy said mineral rights for the sum of $1,075.

Plaintiffs allege that said Branch Jefferson refused to comply with the terms of said contract and forbade the said Fidelity National Bank of Oklahoma City, Okla., to deliver said deed in accordance with the terms of said contract and repudiated said contract and refused to comply with the provisions thereof.

Plaintiffs charge that said Arthur Sory, on the 24th day of March, 1932, assigned said contract to plaintiff Bonded Royalties, Inc., a corporation, and that said Arthur Sory joins in this action for the benefit of his said grantee and assignee.

Plaintiffs then tender into court for the benefit of the defendants the balance due under said contract in the sum of $825, with interest, and pray judgment decreeing specific performance of said contract and quieting title in the plaintiff Bonded Royalties, Inc., a corporation, and for an accounting of all oil runs and profits from said premises since the 1st day of March, 1932.

Defendants deny that the plaintiffs are the owners of or have any interest or estate in or to any of the property hereinabove mentioned. Defendants admit the execution of said contract by defendant Branch Jefferson to plaintiff Arthur Sory, and the payment of $250 at the time of the execution of said contract; but allege that at the time of the execution of said contract the defendant Branch Jefferson was not the owner of the oil and gas rights mentioned in said contract, but that the defendant C. J. (Capp) Jefferson was the owner thereof, and that Branch Jefferson was holding said property of record in his name solely as trustee for said C. J. (Capp) Jefferson, and that the plaintiff Arthur Sory at that time had actual and constructive knowledge of said facts.

Defendants charge that one Roy Smith was the agent of the plaintiffs and that the plaintiff Arthur Sory and his said agent, Roy Smith, knew that Branch Jefferson was unable to carry out the terms of said contract for the reason that he did not have title to said property, which allegations of agency herein are not denied under oath by the plaintiffs.

The trial court decreed that the plaintiffs take nothing and that the defendant C. J. (Capp) Jefferson be and he is granted a decree quieting title in him in and to the property involved in the action on the condition that he pay to the clerk of the court for the use and benefit of the plaintiffs the sum of $250.

In order to properly dispose of the issues raised by the pleadings, it becomes necessary to determine two controlling questions:

(1) Whether Branch Jefferson or C. J. (Capp) Jefferson was the owner of the said mineral rights on March 16, 1932, when said contract was made between the said Branch Jefferson and Arthur Sory, and;

(2) If the said C. J. (Capp) Jefferson was on said date the owner of the said oil and gas rights, was that fact known by Arthur Sory at the time, and if it was not, did he acquire knowledge of such fact prior to the full performance of the terms of said contract on his part, and was such fact known to plaintiff Bonded Royalties,

Inc., a corporation, on March 24, 1932, when said contract was assigned to it?

As to the first question, there is no doubt but that C. J. (Capp) Jefferson was the owner of said mineral rights on March 16, 1932.

As to the second question, there is no doubt but that the said ownership of C. J. (Capp) Jefferson was well known to both Arthur Sory and Bonded Royalties, Inc., a corporation, on March 16, 1932.

This is a case of purely equitable cognizance and depends upon the facts for a final and conclusive determination.

There seems to be no doubt but that Roy Smith was the recognized agent of the plaintiff Arthur Sory, as appears from the testimony of J. W. Field where he testified that Sory admitted this fact in the following words:

"It is all right with me, but you have to satisfy Mr. Smith who acted as my agent in this matter."

It appears from the testimony of D. B. Ellis that he told Mr. Smith directly and Mr. Sory over the telephone that C. J. (Capp) Jefferson claimed an interest in the property.

Mr. Sory himself testified that neither Mr. Ellis nor anyone else ever made any statement to him that these mineral rights did not belong to Branch Jefferson and that it was the property of C. J. (Capp) Jefferson prior to the time that he bought it; but did state that the matter came up three or four days after the contract, at which time Mr. C. J. (Capp) Jefferson saw him personally.

It further appears from the testimony of the witness D. B. Ellis that he knew Roy Smith, the admitted agent of Arthur Sory, and that about two days before Arthur Sory made the deal with Branch Jefferson the said Roy Smith told said D. B. Ellis that they were dealing with Branch Jefferson, and that he thought they would make a deal, at which time the said D. B. Ellis advised said Roy Smith that C. J. (Capp) Jefferson was the owner of the oil and gas rights in question as follows:

"Well, if you are dealing with Branch, you have not even started in to make a deal on that because that belongs to Capp Jefferson and he thinks it is worth $100,000."

It is a well established principle of law that in equity cases the Supreme Court will not interfere with the judgment of the lower court unless the same is clearly against the weight of the evidence.

In the case at bar, we are of opinion that the judgment of the lower court is not against the weight of the evidence, but that, on the other hand, the judgment of the court is supported by the greater weight of the evidence.

In the case of Nowka v. West, 77 Okla. 24, 186 P. 220, this court said:

"In an equity case it is within the power of the Supreme Court to consider the evidence and render judgment thereon, but the rule is well established that the Supreme Court will not interfere with the judgment of the lower court, unless the same is clearly against the weight of the evidence."

Plaintiff Arthur Sory discloses by his own testimony that he is the vice president and agent of the plaintiff Bonded Royalties, Inc., a corporation, and that he represented his coplaintiff in purchasing this royalty.

No principle of law is better settled than that a principal is bound by the knowledge of the agent, or, otherwise stated, notice to the agent constitutes notice to the principal.

This rule is so well settled that it needs no citation in support thereof, and we will not prolong this opinion further than to say that this rule is set forth by this court in the case of Knights & Ladies of Security v. Bell, 93 Okla. 272, 220 P. 594, in the following words:

"As a general rule, notice to the agent and knowledge obtained by him while acting within the scope of his authority is notice to the principal."

Upon this principle of law the plaintiff Bonded Royalties, Inc., a corporation, is bound by the knowledge of the plaintiff Arthur Sory, hereinbefore disclosed.

We, therefore, conclude that the oil and gas rights involved in this action were owned by C. J. (Capp) Jefferson on March 16, 1932, when the contract was entered into between Arthur Sory and Branch Jefferson, but that the title thereto was held in the name of Branch Jefferson in trust for C. J. (Capp) Jefferson, and that these facts were known to the plaintiffs herein prior to March 16, 1932.

The judgment of the trial court is, therefore, affirmed.

The Supreme Court acknowledges the aid of District Judge S. L. O'Bannon in the preparation of this opinion. The District

Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, upon consideration, this opinion, as modified, was adopted by the court.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.