## COLONIAL SUGAR CO. v. WALDREP.

No 15928—Opinion Filed Jan. 26, 1926.

Rehearing Denied March 9, 1926.

(Syllabus.)

1. **Contracts—Action for Breach — When Tender of Performance Unnecessary.**

Where either party to a contract gives notice to the other that he will not comply with its terms, the other need not, in an action for breach, allege or prove tender of performance on his part.

2. **Sales—Repudiation by Buyer as Waiver of Delivery.**

Where the buyer of sugar, to be delivered at a future time, wrote the seller prior to the date of delivery that he would not accept the same, there was a repudiation of the contract, and waiver of the right to insist on delivery.

3. **Same—Effect of Attempted Withdrawal of Repudiation.**

Where the purchaser of sugar under an executory contract repudiates the contract, a subsequent offer to accept the sugar, if shipped, will not act as a withdrawal of said repudiation, so as to require delivery by the seller in order to create liability against the purchaser, unless said offer includes all the material terms and provisions of the original contract .

4. **Principal and Agent — Principal Not Chargeable with Agent's Knowledge Communicated in Bad Faith.**

The rule charging the principal with his agent's knowledge is established for the protection of those who deal with the agent in good faith, but where such party conveys knowledge to the agent which it is reasonable to presume he will not disclose, or where such party instructs the agent not to convey such knowledge to his principal, and the agent acts on that instruction, the principal is not chargeable with such knowledge, though it was received by the agent in the course of the agency.

5. **Trial—Directed Verdict—When Justified for Plaintiff.**

Where the defendant does not offer sufficient evidence in support of his answer to justify a verdict in his favor, there is nothing to submit to the jury and it is the duty of the court to sustain plaintiff's motion for an instructed verdict.

Appeal from District Court, Tulsa County; George C. Crump, Judge.

Action by Colonial Sugar Company against J. A. Waldrep. Judgment for defendant, and plaintiff appeals. Reversed and rendered.

Hulette F. Aby, William F. Tucker, and Frank Settle, for plaintiff in error.

Owen, Yancey & Fist, for defendant in error.

MASON, J. The plaintiff in error was plaintiff below, and the defendant in error was defendant below, and for convenience they will be referred to herein as they there appeared.

August A. Fite & Company, a brokerage company of Tulsa, was representative of Lamborn & Company, brokers of New Orleans. Mr. Davis, a representative of Fite & Company, procured an order for 360 sacks of sugar from the defendant and sent it to Lamborn & Company, who presented it to the plaintiff herein, and on August 6, 1920, the plaintiff and defendant, by direct communication, entered into a written contract which is the basis of the present litigation.

Under the terms of the contract, said sugar was to be delivered to the defendant during the month of January, 1921, and the

defendant was to pay the plaintiff 17½ cents per pound therefor. After said contract was entered into, and before the time for delivery, the market price began to decline very rapidly. During the month of December and the early part of January, the defendant made several attempts, through the brokerage companies and with the plaintiff direct, to be relieved from his performance of the contract, all of which requests were denied by the plaintiff. The defendant also requested the plaintiff to submit terms of cash settlement in lieu of compliance with the contract, and on January 11, 1921, the plaintiff agreed to accept the difference between the contract price and the market price at that time, which was $3,456. This proposition was not accepted by the defendant, but thereafter he notified the plaintiff that his contract had been obtained by misrepresentation and fraud, and that therefore he would not accept or pay for said sugar, which he advised the plaintiff not to ship and threatened to report the plaintiff to the federal government for investigation.

Several letters and telegrams were exchanged between the parties, but no definite settlement was had, and on January 29th, the plaintiff company telegraphed August A. Fite & Company that unless it was advised to the contrary the car of sugar would be forwarded to the defendant under the terms of the contract.

Mr. Fite, as a witness, testified that after receiving said telegram he discussed the matter with the defendant, and that the defendant told him to wire the plaintiff not to ship the sugar, as he would not accept it, but would pay the plaintiff $2,000 in settlement. He further testified that he and the defendant sent the following telegram to Lamborn & Company:

"Waldrep requests us to wire, will not accept car. Don't ship. Will give check for $2,000 in full settlement of contract."

Mr. Waldrep, as a witness, did not deny the testimony of Fite; however, with reference to the foregoing telegram, he testified as follows:

"Q. And did he exhibit to you that telegram which has been introduced as exhibit 1 of the defendant? A. Yes, sir; he did. Q. What did you tell him? A. I told him—I wanted to cancel the car if there was any way to do it; that if they shipped the car that I would take it, but I wanted him to do all he could to keep them from shipping the car."

This action, by the plaintiff, was to recover the difference between the contract price and the market price of said sugar at the time specified for delivery, which aggregated $3,600, the plaintiff contending that it was ready and able to deliver said sugar under the terms of said contract, but was prevented from so doing by the action of the defendant.

The defendant admitted the execution of the contract sued on by the plaintiff, but contended that he was induced to enter into said contract by the misrepresentation and fraud of the plaintiff, and further contended that he was not liable for the reason that plaintiff had not complied with said contract by delivering said sugar to the defendant.

The case was tried to a jury, and after all the evidence was in, the plaintiff demurred to the defendant's evidence and moved for an instructed verdict. The court sustained the demurrer to that portion of defendant's evidence in support of his allegations of fraud, but submitted to the jury the question as to whether or not the plaintiff had failed to comply with the terms of the contract. Verdict was for the defendant, upon which judgment was rendered, and plaintiff has duly perfected its appeal to this court.

For reversal, it is contended that the trial court erred in overruling and denying plaintiff's motion for an instructed verdict in its favor. The plaintiff urges that the evidence conclusively shows that the defendant failed to comply with the terms of said contract, and that the plaintiff was ready and able to comply with its contract, but was prevented from so doing by the action of the defendant in rescinding the contract. No contention is made that the sugar was ever delivered, but it is claimed by the plaintiff that, under the circumstances of the case as disclosed by the evidence, delivery or tender of delivery was not necessary.

The rule is well settled that where either party to a contract gives notice to the other that he will not comply with its terms, the other need not, in an action for damages for the breach, either plead or prove a tender of performance on his part. 13 Corpus Juris, 728.

It is contended by the defendant that the foregoing rule is not applicable to the instant case, for the reason that he withdrew his renunciation of the contract, and therefore the plaintiff would be required to deliver the sugar in order to create a liability against the defendant. This contention is based upon his evidence heretofore set out, wherein he informed Mr. Fite that

he would accept the sugar if it were shipped. We do not think this evidence was sufficient to constitute a withdrawal of his former repudiation, of the contract, so as to require a delivery of the sugar by the plaintiff. All the evidence and circumstances show conclusively that the plaintiff was able and anxious to comply with the contract. It seems little short of absurd to say that the plaintiff would refuse to ship sugar, the market price of which at that time was 7½ cents per pound, under a contract by which it was to receive 17½ cents per pound. The mere statement that he would accept the sugar, if shipped, in view of his attempts to compromise, did not constitute notice to the plaintiff to ship under the terms of the original contract. See Williston on Contracts, sec. 1294.

In this connection, it must also be borne in mind that defendant asked Mr. Fite to do all he could to prevent the shipment from being made, and that immediately thereafter the foregoing telegram was sent advising the plaintiff not to make said shipment. Under these circumstances, we might concede that the alleged notice of withdrawal was sufficient ·in form, yet we are of the opinion that the evidence is insufficient to charge the plaintiff with the agent's knowledge thereof.

The general rule which imputes an agent's knowledge to the principal is well established. The underlying reason for it is that an innocent third party may properly presume the agent will perform his duty and report all facts which affect the principal's interest. But this general rule does not apply when the third party knows there is no foundation for the ordinary presumption—when he is acquainted with circumstances plainly indicating that the agent will not advise his principal. The rule is intended to protect those who exercise good faith, and not as a shield for unfair dealing. Mutual Life Insurance Co. of N. Y. v. Hilton-Green et al., 241 U. S. 613, 60 L. Ed. 1202.

The general rule is stated in 2 Corpus Juris, 871, as follows:

"The rule charging the principal with his agent's knowledge is established for the protection of those who deal with the agent in good faith. If, therefore, the third person acts in collusion with the agent to defraud the principal, the latter will not be chargeable with any information which the agent receives pertaining to the transaction, and this applies with greater force where the third person instructs the agent, or enters into an agreement with him, not to communicate his knowledge to the principal."

121-2 .

In the case of Cowan v. Curran et al., 216 Ill. 598, 75 N. E. 322, the Supreme Court of Illinois, in discussing this question, says:

"The rule, however, that notice to the agent, under the circumstances stated, is notice to the principal, has certain well-defined exceptions. One of these exceptions is where the agent's relations to the subject-matter render it certain that he will not disclose the information to his principal; and another exception is where the person claiming the benefit of the notice colludes with the agent to deceive or defraud the principal. Mechem on Agency, sec. 721. The presumption that the agent communicates the knowledge which he has to the principal does not prevail where it is certainly to be expected that the agent will not perform this duty, 'as where the agent, though nominally acting as such, is in reality acting in his own or another's interest, and adversely to that of his principal.' Mechem on Agency, sec. 723; Reinhard on Agency, secs. 356, 357; Frenkel v. Hudson, 82 Ala. 159, 2 South. 758, 60 Am. Rep. 736. In Reinhard on Agency, 356, supra, it is said: 'If, however, the knowledge was such * * * as it was reasonable to presume he (the agent) would not disclose, * * * the latter (the principal) will not be affected by the agent's knowledge, though it was received by the agent in the course of the agency.' "

It is clear that the statement relied on in the instant case was made by the defendant with the intention that it was not to be communicated to the plaintiff. It would be contrary to public policy, as well as a violation of well-settled principles of law, to hold, under all the evidence in this case, that the statement relied on by the defendant is sufficient to constitute notice to the plaintiff and bar to its right to recover herein.

It is not denied that there was a repudiation of the contract by the defendant, and we must conclude ·that there was no sufficient notice to the plaintiff of the withdrawal of said repudiation, and therefore the defense completely failed, and the trial court erred, at the conclusion of the evidence, in not instructing a verdict for the plaintiff.

The undisputed evidence is that, on the last of January, at the time of the breach of the contract by defendant, the market price of sugar was 7½ cents per pound, or 10 cents per pound less than the contract price, and that the plaintiff was damaged to the extent of $3,600.

The judgment of the trial court is therefore reversed and judgment rendered for the plaintiff for $3,600, with interest at 6 per cent. from January 31, 1921.

NICHOLSON, C. J., BRANSON, V. C. J., and HARRISON, CLARK, and RILEY, JJ., concur.