## MARTIN et al. v. MITCHELL et al.

No. 27824. Feb. 1, 1938.

Robinson & Oden, for plaintiffs in error.

Arthur A. Kelly and L. B. Yates, for defendants in error.

OSBORN, C. J. This is an appeal by Guy S. Martin and Louise Hardwick, administratrix of the estate of W. S. Hardwick, from a judgment of the district court of Jackson county canceling an assignment of an oil and gas lease.

The action was instituted by E. M. Mitchell, M. C. Anderson, O. W. Bailey, Mrs. Cora Dockery, administratrix of the estate of J. C. Dockery, deceased, L. L. Anderson, R. E. Huff, Lawrence Gurley, C. M. Crawford, and Rex Young, hereinafter referred to as plaintiffs, against R. R. Kirchner, J. P. Jones, Guy S. Martin, and W. S. Hardwick, hereinafter referred to as defendants. Plaintiffs were the owners of an oil and gas lease on a certain 80-acre tract of land in Jackson county. Prior to January 8, 1935, certain negotiations were had between plaintiffs and the defendants Jones and Kirchner relative to a sale of an interest in the lease. On that date two instruments were executed, one a contract between plaintiffs and defendants Kirchner and Jones reciting a transfer of an undivided 6/8 interest in said oil and gas lease for a consideration of $800, and a further covenant that a well for oil and gas was to be drilled upon said lands, said well to be commenced within a period of 30 days from the date of execution of the contract. The other instrument was a formal assignment of a 6/8 interest in the lease. At the request of defendants Jones and Kirchner, the name of the defendant Guy S. Martin was inserted in the instrument as the grantee. The consideration of $800 was paid by defendant Martin. The assignment was recorded on January 29, 1935. On February 12, 1935, one of the plaintiffs, for the purpose of establishing the title to the lease, filed an affidavit in the office of the county clerk of Jackson county with a copy of the contract attached thereto. On February 25, 1935, defendant Martin assigned a 5/16 interest in said oil and gas lease to W. S. Hardwick.

The defendants Jones and Kirchner filed disclaimers. Defendants Martin and Louise Hardwick, administratrix, filed answers in which they alleged that they had no knowledge of the contractual arrangement to commence the drilling of a well within 30 days, and that any such agreement made by plaintiffs with Kirchner and Jones was not binding upon them. The cause was tried before the court, and at the conclusion of the hearing the court found as follows:

"The court, in addition to other matters, finds that the defendant Guy S. Martin had knowledge of the terms of the contract entered into by R. R. Kirchner and J. P. Jones with the plaintiffs herein, and said Guy S. Martin and his assigns are bound thereby; and the court further finds that it was the purpose and intention of plaintiffs herein in executing said contract to procure the development of oil and gas upon the leased premises, to wit; the east half of the Southwest quarter of section fourteen, township one north, range twenty, W. I. M., Jackson county, Oklahoma; and that development for oil and gas was the main and moving consideration that caused the execution of said contract and assignment; the court further finds that said defendants failed, neglected, and refused to commence the drilling of an oil and gas well upon said premises within the thirty-day period from the execution of said contract, or at any time, and that no work of any kind was done on said lease until some time in January, 1936, a slush pit was dug upon said lease; the court further finds that the defendants have failed and refused to comply with their contract and that they have abandoned said lease and have forfeited all their right, title, and interest in and to the same, and finds that the same should be canceled, and plaintiffs' title to premises should be quieted."

The findings and conclusions of the trial court are supported by the overwhelming weight of the evidence. Oral and documentary evidence was introduced from which it clearly appears that the execution of the assignment and the contract was a single transaction, in which the defendants Jones, Kirchner, and Martin were jointly interested and that the details of the entire transaction were clearly understood by all parties. The failure to commence the drilling of a well within the time required by the contract constituted a breach thereof and ample grounds for the cancellation of the assignment.

The judgment is affirmed.

BAYLESS, V. C. J., and WELCH, GIBSON, and HURST, JJ., concur.