**SCHUMAN et al. v. CAMPBELL.**

No. 28352.    Oct. 18, 1938.

554

Fred W. Martin, for plaintiffs in error.

Hill & Hill, for defendant in error.

HURST, J. This is an action in ejectment and to quiet title. Plaintiff claims title to the premises in question under a sheriff's deed dated June 6, 1936. Defendant Schuman is the holder of a resale tax deed dated May 6, 1936, and defendants Frank and Bell Goss were the former owners of the property. Plaintiff, in his petition, tendered the taxes, penalties, interest, and costs. The trial court rendered judgment for plaintiff and required him to make good his tender. Defendants appeal.

■ Defendants urge that the trial court committed error in admitting in evidence a record denominated "County Treasurer's Resale Land List and Record of Resales" for 1936 which contained the following entry under the title "To Whom Sold": "Alfalfa County" "M. Schuman"; and in permitting the county treasurer to testify that the land in question was bid off in the name of Alfalfa county at the resale. It is contended that this was error because the best evidence of the proceedings at the resale is the return of the county treasurer, and that such testimony constituted the impeachment of his records by the county treasurer.

Assuming, without deciding, that the resale proceedings must be shown by the return of the county treasurer, we cannot agree that the record introduced in evidence is not in fact such a return. The statute requiring the county treasurer to make a return of resale is section 12756, O. S. 1931 (68 Okla. St. Ann. sec 415), and same reads in part as follows:

"* * * Which return must show the real estate so sold, the date upon which the property was resold, the name of the purchaser and the price paid by him therefor, also a copy of the notice of such resale with an affidavit of its publication or posting, and showing the complete minutes of sale and that the same was adjourned from day to day until the sale was completed. * * *"

In Massey v. Tucker (1930) 141 Okla. 193, 284 P. 648 (later overruled on a different ground), the court said that the return required by the foregoing section need only be a "short account in writing made by him (county treasurer) of the manner in which he had made a sale." We do not entertain the view that to constitute a "return" as required by section 12756, supra, the account of the resale made by the county treasurer must be designated as such. If in substance and fact the record made and kept by him complies with the requirements of section 12756, supra, then it is a "return" whether it be so denominated or not. An examination of the treasurer's record introduced in evidence shows that it contains all the matters required to be shown by section 12756, supra. While there was no copy of the notice of resale with an affidavit of its publication attached to same, so far as the record discloses, this does not show that proofs of publication had not been made and filed. Wetzel v. Lessert (1934) 169 Okla. 294, 36 P.2d 750. The record was properly admitted in evidence.

■ Nor do we think that the testimony of the county treasurer that the land was bid off in the name of Alfalfa county at the resale constitutes the impeachment of this record. The record of resales, on its face, under the title "To Whom Sold," disclosed an ambiguous situation, since a line was drawn through "Alfalfa County" and "M. Schuman" was substituted therefor. In 22 C. J., at page 1279, it is said that "parol evidence which does not contradict but merely aids or explains the record or report of a public officer or board or a public document is admissible." Here the record itself furnished the clue for the explanatory evidence. Morris v. Waldrop (1925, Ala.) 105 So. 172. See, also, Landry v. Bedou (1933, Miss.) 147 So. 299, and State v. Rorabaugh-Brown Dry Goods Co. (1935) 172 Okla. 216, 45 P.2d 488. In the latter case, we held that parol evidence was admissible to establish the fact that omitted property was covered by an assessment where such assessment was made in a manner not clearly reflecting the exact property included therein.

■ While plaintiff urges that the resale tax deed is invalid for several reasons, it is necessary to consider only the ground disclosed by the evidence concerning the resale as set out hereinbefore. The evidence discloses that the land was bid off in the name of Alfalfa County; that thereafter Schuman's name was inserted as the purchaser and the name of the county stricken out; and a resale tax deed was issued to Schuman. Section 12755, O. S. 1931 (68 Okla. St. Ann. sec. 414), provides that when the county treasurer bids in property at the resale in the name of the county, he "shall issue a deed therefor in the name of the chairman of the board of county commissioners." Under the circumstances shown here, the county treasurer was without authority to issue

a resale tax deed to Schuman, since the county, and not he, was the purchaser at the resale. The trial court therefore committed no error in holding the tax deed void.

■ Defendants also contend that the trial court erred in refusing to render judgment for them for the reason that the sheriff's deed under which plaintiff claims recites that it is "subject to unpaid taxes and tax sales." It is argued that by virtue of this recital plaintiff purchased only the residuum of the title, and is therefore estopped to question the validity of the tax sale, and in support of this contention, the cases of National Hardware Co. v. Sherwood (1913, Cal.) 130 P. 881; Moffatt v. Fouts (1916, Kan.) 160 P. 1137; Williamson v. Davis (1919) 74 Okla. 174, 177 P. 567; Nation v. Planters' & Mechanics' Bank (1911) 29 Okla. 821, 119 P. 977; and 21 C. J. 1092 are cited. These cases hold that where one accepts a mortgage or conveyance from an owner, which recites that it is subject to a prior mortgage or lease, specifically describing it, the grantee or mortgagee is estopped to question the validity of such mortgage or lease. But this rule is inapplicable here. The recital in the sheriff's deed in the instant case is general and refers to no particular tax sale, while in the cited cases the recital referred to a particular mortgage or lease. It is stated in 21 C. J. at page 1090, that "to found an estoppel the recital must be certain."

But even assuming that the recital in question sufficiently refers to the tax sale of 1933 and the resale of 1936, and assuming further, without deciding, that defendants in this case are in a position to rely upon the doctrine of estoppel, yet an examination of the sheriff's deed in question discloses no intent to include a "tax deed" in the recital "subject to unpaid taxes or tax sales." Defendants' contention itself demonstrates the correctness of this conclusion. They claim that by the sheriff's deed plaintiff acquired only the "residuum" of the property after satisfying the encumbrances recited therein. If this be true, then plaintiff acquired nothing by the sheriff's deed, since if he took the property subject to the tax deed which antedates his sheriff's deed, and is estopped to question the same, there would

be no "residuum." This for the reason that the tax deed extinguishes all prior liens and encumbrances and gives the holder thereof a virgin title. Taylor v. Lawrence (1936) 176 Okla. 75, 54 P.2d 634. To give effect to defendants' contention would be to say that the sheriff's deed was a nullity and passed no title or right whatever to plaintiff. And this is in face of a recital in the sheriff's deed that there was conveyed to the purchaser "all the estate, right, title and interest which the said judgment debtors had on the date of said mortgage. * * *" The date of the mortgage does not appear from the record, but it antedates the resale, and unquestionably the judgment debtor would have had the right to challenge the tax deed. This latter clause must be considered in construing the intent of the parties as to what is conveyed by the sheriff's deed. It is stated in 23 C. J., at page 742, that "a sheriff's deed is to be construed according to the intention of the parties, and in ascertaining its intendment, the whole instrument must be construed together." By construing the clause "subject to unpaid taxes and tax sales" together with the clause last above set out, we think the parties intended to confer on plaintiff the same right of redemption from tax sales as the judgment debtor would have on the date of the mortgage. If the term "unpaid taxes and tax sales" is construed to include Schuman's tax deed, which antedates plaintiff's sheriff's deed, then the other clause would be nullified and the entire sheriff's deed would be defeated, since no right of redemption existed after the issuance of the tax deed, and at the time of the issuance of the sheriff's deed.

We conclude, after construing the sheriff's deed in its entirety, that the recital "subject to unpaid taxes and tax sales" therein was not intended to, and does not, include a tax deed so as to estop the holder of such sheriff's deed from challenging the validity of the tax deed. Here the validity of the resale of 1936 is not called into question, but only the resale tax deed, which, as we have pointed out, was issued to Schuman without authority of law.

Affirmed.

BAYLESS, V. C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.