McDONALD v. HODGE et al.

No. 29265.    Dec. 17, 1940.

*108 P. 2d 538.*

Fred W. Martin, of Wagoner, and Finis O. Stewart, of Cherokee, for plaintiff in error.

H. W. Wright and Hill & Hill, both of Cherokee, for defendants in error.

RILEY, J.. This action was commenced by plaintiff in error to quiet title to and obtain possession of a tract of land for which plaintiff obtained a resale tax deed, and for rents and profits from said land. Plaintiff obtained his resale tax deed on May 7, 1936, under a sale purported to have been made on May 2, 1936.

He commenced this action on March 3, 1938. A copy of the resale tax deed was attached to the petition and made a part thereof. Defendants demurred to the petition. The demurrer was overruled, and defendants filed their answer and cross-petition. Among other things defendants alleged that the resale tax deed is void on its face for the reasons: (1) It recites advertisement for sale of "Tract No. 49, Cherokee, Okla.," while the resale tax deed purports to convey a tract of land in the N. W. ¼ of section 2, township 26 north, range 11 west, I. M., described by metes and bounds, and does not describe the land as "Tract No. 49, Cherokee County, Oklahoma." (2) Said deed does not state to whom

it was sold at the resale or who was the highest bidder.

Defendants attack the validity of said deed on several other grounds, one of which is in substance that on the third Monday in April, 1936, the day on which the law required the resale to be commenced, said tract of land was offered for sale by the county treasurer, and that no sufficient bid being offered therefor, the county treasurer bid in said tract in the name of Alfalfa county, and noted such sale upon the sales record, and for that reason the county treasurer had no power or jurisdiction to offer said tract for sale and sell same to any other person on May 2, 1936.

Plaintiff replied by general denial; pleaded that the matters set up in defendants' answer were barred by the statute of limitations.

After hearing evidence the court entered judgment and decree for defendants. The journal entry recites that plaintiff filed a motion for judgment on the pleadings, alleging that any defense to the tax deed is barred by the statute of limitations, and that said motion was overruled, and that plaintiff saved his exceptions and elected to stand on the motion for judgment on the pleadings. Appeal is by transcript.

In his brief plaintiff in error asserts that the statute of limitations is the only question involved in this lawsuit.

This action was not commenced until more than one year after the resale tax deed was placed of record. Plaintiff asserts that the deed in question is on the State Examiner and Inspector Form A-463, and that the deed is not void on its face, and, therefore, any defense thereto is barred by the one-year statute of limitations. Sec. 12763, O. S. 1931, 68 Okla. St. Ann. § 455.

The deed attached to the petition shows on its face that the tract of land advertised and sold was described only as "Tract No. 49, Cherokee, Oklahoma," and is described in the granting clause as:

"Description

"A tract of land in N. W. ¼ of section 2, township 26 north, range 11 W. I. M. beginning at N. E. corner of said section thence south 519.66 ft., thence west 720 feet; to K. C. M. & O. Ry. thence N. E. along said R. R. to north line of said section 2, thence east along section line 453 ft. to place of beginning, in the county of Alfalfa, state of Oklahoma."

It also shows on the face of the deed that it fails to state the name of the person who bid in the land at the resale or to whom said "tract No. 49, Cherokee, Oklahoma," was sold.

It is well settled that the one-year limitation on suit to cancel a tax deed does not apply where the tax deed relied upon is void. McAfee et al. v. Harden, 180 Okla. 546, 71 P. 2d 463; Lind v. Stubblefield, 138 Okla. 280, 282 P. 365; Farmers Nat. Bank v. Gillis, 155 Okla. 290, 9 P. 2d 47; Baker v. Rogers, 148 Okla. 279, 1 P. 2d 366.

It is equally well settled that the statute of limitations with reference to resale tax deeds relates to resale deeds issued by one with authority to sell the land at resale and issue the deed. The statute urged does not relate to resale deeds issued by one who did not have authority to sell the land at resale and to issue a deed. Deneen v. Gillespie, 180 Okla. 342, 70 P. 2d 1078; Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707; Grimes v. Carter, 185 Okla. 469, 94 P. 2d 544.

Schuman v. Campbell, 183 Okla. 553, 83 P. 2d 549, holds:

"Where the county bids in property at a tax resale, the county treasurer is without authority to issue a resale tax deed to anyone other than the chairman of the board of county commissioners, and a resale tax deed under such circumstances to a third party is void."

The pleadings of defendants raised this identical question. The appeal is by transcript. The evidence is not brought up. The decree recites that

evidence was heard on defendants' answer and cross-petition.

We must assume, then, that defendants proved their allegations to the effect that the county treasurer offered the land for sale on the third Monday in April, 1936, and received no sufficient bid; that he bid or should have bid the land in for the county.

Under the rule announced in Schuman v. Campbell, supra, the county treasurer was without power or authority to thereafter issue a deed to plaintiff. The one-year limitation has no application. Deneen v. Gillespie, supra.

This renders it unnecessary to determine whether the defects in the deed with reference to variance in description of the land advertised, and that purporting to have been conveyed by the deed, and the omission of the name of the successful bid, rendered the deed void on its face.

The judgment and decree requires defendants to make good their tender. Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN, GIBSON, HURST, DAVISON, and NEFF, JJ., concur. CORN, J., absent.