TERWILLEGER v. BRIDGES.

No. 30895. Nov. 17, 1942.

Rehearing Denied June 15, 1943.

*138 P. 2d 79.*

C. E. Nicholson and Z. I. Holt, both of Tulsa, for plaintiff in error.

Martin & Spradling, of Tulsa, for defendant in error.

ARNOLD, J. This is an action begun in the district court of Tulsa county by H. E. Bridges against C. H. Terwilleger et al. to quiet the alleged title of Bridges to the real estate hereinafter described.

The trial court at the conclusion of the plaintiff's testimony overruled the demurrer of the defendant, but sustained an objection to the introduction of any testimony in support of the answer and cross-petition of the defendant.

The following statement as to the pleadings of the parties will disclose the facts alleged pertinent to the determinative issues presented: The plaintiff alleged in his petition that he was the owner and in possession of said real estate and that he was the owner by as-

signment of a note and mortgage executed by the then owners of the property in 1921.

The defendant in his answer denied the ownership and possession of the plaintiff and alleged that the plaintiff claimed title by virtue of a resale tax deed to Tulsa county filed of record June 28, 1938. He alleged that said resale tax deed was void for the following reasons: (1) Notice of resale was not duly and legally given by publication, in that 20 acres of the land was not described therein; that the description therein contained was the W.½ of the N.E.¼ of the S.W.¼ and the N.W.¼ of the N.W.¼ of section 35, township 20 north, range 13 east, while the property sold and described in the resale tax deed was the W.½ of the N.E.¼ of the N.W.¼ and the N.W.¼ of the N.W.¼ of said section. (2) Same was not advertised in the name of the owner as shown by the last tax rolls in the office of the county treasurer. He then alleged he was the owner of and deraigned his title to an undivided one-half interest in the real estate involved. He tendered all taxes, penalties, interest and costs, and prayed that the resale tax deed be canceled and title quieted in him.

The plaintiff in his reply admitted that he claimed title by virtue of the resale tax deed referred to by the defendant, and in this connection alleged that more than 12 months had elapsed since the recordation thereof, and that defendant is barred under section 12756, O. S. 1931, from asserting a defense thereto; that the resale tax deed was of record more than one year prior to the filing of the answer, and defendant is barred by section 12763, O. S. 1931; that defendant is also barred by subdivision 3 of section 99, O. S. 1931.

The proposition of the defendant that the plaintiff was not in possession, and therefore could not maintain his action to quiet title, is untenable for the reason that the defendant asked for affirmative relief in his cross-petition, and the rule relied upon that the plaintiff in a suit to quiet title must be in possession is

not applicable. See Davenport v. Wolf et al., 59 Okla. 92, 158 P. 382; Gafford v. Davis et al., 58 Okla. 303, 159 P. 490; Evans v. Terrill, 189 Okla. 577, 118 P. 2d 250. This being true, we do not discuss the facts alleged by the defendant relating to the question of possession by plaintiff. Contrary to the contention thus made, the court had jurisdiction of the entire subject matter.

The next proposition of the defendant, that the limitation prescribed in 68 O. S. 1941 § 455 had run and constituted a bar to the plaintiff's suit is also untenable. In Webb v. Ketcham, 157 Okla. 294, 12 P. 2d 191; Swan v. Kuehner, 157 Okla. 37, 10 P. 2d 707, and Winters et al. v. Birch, 169 Okla. 237, 36 P. 2d 907, we held that the limitation, supra, does not apply to resale tax deeds and that an action by the holder of a resale tax deed to obtain possession of the realty purchased at resale is not barred by such one-year limitation statute, supra. The defendant admits that these cases do so hold and cites no contrary authority. We see no reason for departing from the holding in these cases.

The next contention made by the defendant, Terwilleger, is that the deed to Bridges was champertous and void because the grantor of Bridges had been out of possession of the land for more than a year next preceding the execution of the deed. In answer to this contention Bridges correctly points out that champerty was not pleaded by the defendant. We have consistently held that champerty must be specifically pleaded. See Ewart v. Boettcher, 174 Okla. 460, 50 P. 2d 676. It is therefore apparent that this proposition is without merit.

The last proposition is to the effect that the resale tax deed is void for the reasons: (1) The land was improperly described in the notice of sale, 20 acres not being described at all, and (2) said notice did not contain the name of the owner of such real estate as shown by the last tax rolls in the office of the county treasurer. This contention goes to the jurisdiction of the county treasurer to conduct the sale and his power to

sell the property and issue a deed. Though the deed is valid upon its face, if the county treasurer was without jurisdiction and power to sell the property, the deed is void and the defendant is not barred from attacking same by any statute of limitations. Dennen v. Gillespie, 180 Okla. 342, 70 P. 2d 1078; McDonald v. Hodge, 188 Okla. 319, 108 P. 2d 538; Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263. It is therefore necessary in this case to determine whether the notice of resale was, as alleged to be, sufficient to give the county treasurer the jurisdiction and power to conduct the resale and issue the deed.

The advertisement of sale of property for taxes as required by section 12754, O. S. 1931, 68 O. S. A. § 413, is jurisdictional. Rucker v. Burke, 170 Okla. 243, 39 P. 2d 6.

Generally, the description of the property in such a notice will be held to be sufficient if it is such as will enable the owner and prospective purchasers to identify and locate the land to be sold with substantial certainty and if not calculated to mislead. An insufficient description in such a notice will render the notice fatally defective and the tax deed based thereon void. See Gilbert v. Conservative Loan & Trust Co., 138 Okla. 1, 280 P. 278, 67 A. L. R. 885; Chamberlain et al. v. Davis, 191 Okla. 457, 138 P. 2d 848; Ann. 67 A.L.R. at page 890.

In his answer the defendant alleged that the land was described in the notice of sale as the W.½ of the N.E.¼ of the S.W.¼ and the N.W.¼ of the N.W.¼ of section 35, township 20 north, range 13 east, whereas the correct description is the W.½ of the N.E.¼ of the N.W.¼ and the N.W.¼ of the N.W. ¼ of said section 35; and that it was not advertised in the name of the owner as shown by the last tax rolls in the office of the county treasurer. Applying the above-stated rule to such allegations, if true, the notice of resale upon which the resale tax deed to Tulsa county was based is fatally defective and the county treasurer was without power to conduct

the resale and issue the deed. The fact, if true, that the 20 acres in which the defendant had no interest appeared first in the notice followed by a description of the 40 acres in which he did have an interest, coupled with the fact, if true, that such notice did not contain the name of the owner of the real estate as shown by the last tax rolls, can hardly be said not to be misleading. Most certainly it was likely to mislead the owner into thinking that it was not his property that was being sold. If the description were followed, one would be led to a different tract of land than the one described in the deed.

In Welborn v. Whitney, supra, we held:

". . . that where the notice of a sale of property is for a lesser period than that prescribed by law, said property has not been duly advertised, and until said property has been duly advertised, that is, properly, regularly, and according to law, there has been a total omission of one of the six requisites to a valid deed, and thus the defect is not reached by the so-called curative provision of the statute."

There can be but little distinction between the failure to publish notice for the prescribed period and the failure to correctly describe the land to be sold and to include the name of the owner of said real estate as shown by the last tax rolls therein. If the notice did not describe the land sufficiently and did not contain the name of the owner as required by law, the land was not duly advertised and there was a total omission of one of the six requisites to a valid deed. If the land was not duly advertised, the county treasurer was without power to conduct the sale and issue the tax deed, and such defect is not reached or cured by the so-called curative provision of 68 O. S. 1941 § 453. This being true, the defendant herein was not barred from attacking the deed by any statute of limitations.

The trial court sustained an objection to the introduction of any evidence on behalf of the defendant for the reason that the answer did not state a defense.

It is obvious from what we have hereinbefore said that this was error. The answer of the defendant did state a defense in this respect and the trial court should have permitted him to make proof thereon.

The judgment is therefore reversed.

CORN, V.C.J., and OSBORN, GIBSON, and DAVISON, JJ., concur. HURST, J., concurs in conclusion. WELCH, C.J., dissents. RILEY and BAYLESS, JJ., absent.

---

HURST, J. (concurring in conclusion). I concur in the conclusion but dissent to the reasoning. The fact that the first portion of the description in the notice of tax sale described 20 acres of land not claimed by Terwilleger and that the name of the owner was incorrectly given in the notice, as alleged, was calculated to mislead, and is sufficient, if proved, to establish the invalidity of the notice and to defeat the sale. 26 R. C. L. 407; 61 C. J. 1183; 67 A. L. R. 890. I do not agree with the reasoning to the effect that the rule of strict construction and strict compliance in tax sale proceedings obtains in Oklahoma. I have fully stated my views in a dissenting opinion in Welborn v. Whitney, 190 Okla. 630, 126 P. 2d 263, and need not here repeat them.

---

WELCH, C.J. (dissenting). I dissent for what I take to be improper treatment and decision of the question of the statute of limitations, and I think this decision is an unwarranted extension of the rule of the Welborn-Whitney Case.