WARD et al. v. DIXON et al.

No. 33090.   April 27, 1948.

*192 P. 2d 1003.*

Wise & Ivester, of Sayre, for plaintiffs in error.

Donald Royse, of Elk City, for defendants in error.

ARNOLD, J.   The pertinent facts here are that R. R. Dixon and his wife Edna received a warranty deed to lots 9 and 10, block 6, Winn addition to Elk City in 1931, which property they occupied as their homestead until Edna's death in 1935; that she left as her sole heirs her husband and son, Raymond Allen, a minor; that R. R. Dixon and his son, sometime prior to the resale here involved, moved to another piece of property on which the father claimed homestead exemption; that at the time of resale and for a long time prior thereto, the property so sold and here involved was rented; that on May 13, 1946, the county treasurer offered to sell lots 9 and 10 at resale, but received no bids and thereupon sold them to the county for the delinquent taxes, etc.; that upon said date, upon request, the county treasurer, after making public announcement of his intention so to do, again offered the lots for sale and received several bids, the highest one being of defendant Ward which exceeded the taxes, interests, penalties, and costs; the record of the previous sale to the county was obliterated and instead the sale to Ward recorded; defendant Ward thereafter deeded an undivided one-half interest in the property to defendant Clancy.

This action to quiet the title of plaintiffs is based upon the alleged invalidity of the resale deed because of the asserted lack of power of the county treasurer to sell to defendant Ward, a sale having been theretofore made to the county and the claimed right of redemption on the part of the minor plaintiff by reason of his minority and the fact that the lots constituted his homestead.

The defendants concede the minor's right to redeem as to his interest in

the property by inheritance by the payment of the portion of the taxes, etc., accruing against his interest, but deny that the lots constitute his homestead, because, they say, he is not the head of the family and has no homestead.

The trial court set the resale tax deed aside as void apparently on the authority of Schuman v. Campbell, 183 Okla. 553, 83 P. 2d 549; McDonald v. Hodge, 188 Okla. 319, 108 P. 2d 538. In those cases, several days after the resale had been concluded wherein the property was sold to the county, the county treasurer, without receiving other bids, changed the purchaser's name to that of Schuman and McDonald, respectively. We said such purported sales were nullities, the treasurer being without authority to sell.

Here the property had been validly sold to the county. The power to resell having been exhausted, the curative provisions of the 1939 Act cited have no bearing on the futile effort of the county treasurer. His lack of power cannot be cured. The Legislature apparently has not seen fit to extend the power of the county treasurer to void sales made by him though the attempt be made during conduct of the resale.

Here the attempt on the part of the county treasurer to avoid the effect of the previous sale to the county re-offered the property for sale while the resale was still in progress, but the authority of the county treasurer had been exhausted upon completion of a valid sale to the county. As we view it, the county treasurer, as an administrative officer whose duty it is to conduct resales, acts according to and by the authority of statutory law. He had no discretion in the matter except to adjourn the sale from day to day for the purpose of completing the sales of the property theretofore properly advertised and to resell property sold but not paid for according to the authority vested by 68 O.S. 1941 §385. When he completed the sale to the county involved here, he had no further discre-tion or power in the matter; when he acted as directed by statute under the circumstances thereby completing the sale to the county, his authority ceased.

Having arrived at this conclusion on this determinative issue, it is unnecessary to discuss the other issue presented.

Affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, WELCH, CORN, GIBSON, and LUTTRELL, JJ., concur.