AERO EXPLORATION CO. v. HUNT et al.

No. 33537.   Oct. 2, 1951.

*236 P. 2d 239.*

Frank Hickman, Tulsa, for plaintiff in error.

C. H. March and John M. Freese, Tulsa, for defendants in error.

BINGAMAN, J. The defendant in error, Russell F. Hunt, sought equitable relief in the trial court to establish his title to a share of stock and right to the privileges of membership in The Tulsa Club. The petition alleged ownership of the share of stock in The Tulsa Club; the right of the plaintiff to the privileges of such membership, a denial of such privileges by the defendant, The Tulsa Club, and the claim of Aero Exploration Company to ownership of the share. Aero Exploration Company, a corporation, answered, alleging it owned the share in question. It further alleged that the membership was purchased from its funds; that the certificate was taken in the name of Hunt as an officer of such corporation to comply with the requirements of The Tulsa Club; that Hunt held the certificate only for the corporation and had no individual rights thereto. The Tulsa Club admitted the membership certificate was outstanding and its readiness to recognize the owner as determined by the court. The judgment of the trial court was for the plaintiff.

It is undisputed that the certificate in question was purchased from the funds of Aero Exploration Company, a corporation. At the time the certificate was purchased, Fred Q. Casler was president and the defendant in error, Russell F. Hunt, was secretary-treasurer of such corporation. Together they owned all of the stock of such corporation except one share, referred to as "a qualifying share" in which they owned the beneficial interest, but which was placed in the name of another for convenience. At the time the stock was purchased it was sought to purchase one share, which might be used both by Casler and Hunt. The Club refused, it being its policy to permit only individual holders of stock to have the privilege of membership. On this refusal two shares of stock were purchased, one in the name of Casler and one in the name of Hunt, the shares being issued to them individually. There being no intervening rights of stockholders or creditors, we believe the intention of Casler and Hunt at the time of the purchase of the club stock to be decisive on the question of ownership.

The testimony of Casler and Hunt is sharply conflicting as to the intention of the parties. It is undisputed that the cost of both shares was charged to expense by Aero Exploration Company. Neither share was ever carried as an asset on the books of Aero Exploration Company, a fact which is inconsistent with corporate ownership. The dues on the Casler and Hunt shares were each suspended by The Tulsa Club during their respective periods of military service. This was a privilege personal to Hunt and Casler, and it was not the privilege of the Aero Exploration Company, which company continued to function during the military service of both parties. This is a fact consistent with the individual ownership claimed by plaintiff.

It therefore appears that the judgment of the trial court is not clearly against the weight of the evidence. Following the rule, many times announced by this court, that in a suit of equitable cognizance, the judgment of the trial court will not be disturbed on appeal unless the same is clearly against the weight of the evidence, Martin v. Mitchell, 182 Okla. 22, 75 P. 2d 1146; and Gaines v. Union Central Life Ins. Co., 191 Okla. 246, 129 P. 2d 79, the judgment is affirmed.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, and O'NEAL, JJ., concur.