MID-CONTINENT LIFE INS. CO. v. IVEN et al.

No. 34378.    April 29, 1952.

*243 P. 2d 983.*

Rittenhouse, Webster Hansen & Rittenhouse, Oklahoma City, for plaintiff in error.

Reilly & Ruth, Kingfisher, for defendants in error.

PER CURIAM. This is a suit by Mid-Continent Life Insurance Company to cancel "waiver of premium clauses" in two policies of life insurance upon the lives of the applicant's children. The defendants are the widow of applicant and his two children. Trial was to the court without a jury. Judgment was rendered for the defendants and the plaintiff appealed.

The evidence is undisputed to the effect that V. C. Evans was a duly accredited soliciting agent for Mid-Continent Life Insurance Company, and that on February 12, 1945, he persuaded Vincent G. Iven to sign applications for two $1,000 policies of insurance, one upon the life of each of his two children. Iven asked that each policy contain a provision waiving payment of annual premiums in the event of his death or permanent total disability. It was this provision that the insurer

seeks in this case to cancel from the two policies on the ground that the father had untruthfully answered certain fundamental questions concerning his health as it was at and before the time the applications were signed.

The evidence is in conflict as to whether Vincent G. Iven gave plaintiff's agent truthful answers to certain questions in the application form. The agent Evans testified that Iven did not give him truthful answers to a number of questions concerning his health and consultation with doctors.

Plaintiff's witness, Dr. F. M. Duffey, testified concerning examinations he had made of Vincent G. Iven, and concerning a period of several days spent by Mr. Iven in a hospital in Enid, approximately six months prior to the date when the two insurance policies were written.

On the other hand, the widow of Vincent G. Iven, and also his brother, testified that they were present when the agent Evans solicited Iven to sign applications for the two insurance policies and that they heard Mr. Iven tell the agent that he had previously consulted Dr. Duffey and that he truthfully told the agent what the doctor told him concerning his condition.

These two witnesses testified further that the agent Evans did not read to Mr. Iven any of the questions on the application blanks which concerned Mr. Iven's health and whether he had been examined by a physician or had undergone a surgical operation or had been under observation, care, or treatment in a hospital. And they testified that Evans filled out all of the answers required on the application blanks and that Iven signed the applications without reading the answers or knowing what Evans had written.

In its judgment the trial court made no findings concerning this conflicting evidence, but it did find that the two life insurance policies had been issued, the first annual premiums paid; that

during the first year of the policies and before default in the payment of any subsequent premium, the company received due proof of the death of the original beneficiary, and that each and both of the policies are in full force and effect as fully paid and without the necessity of payment of any further premiums.

As grounds for reversal the plaintiff says that the company's agent Evans and Mr. Iven conspired to keep vital information from the company, amounting to fraud, and it argues that under such circumstances information obtained by a soliciting agent and not reported to the insurance company is not to be imputed to the company and is not binding upon it. In support of this position it cites: Colonial Sugar Co. v. Waldrep, 121 Okla. 31, 246 P. 623, and Oklahoma Aid Association v. Pecinosky, 167 Okla. 427, 30 P. 2d 167.

The plaintiff also insists that each application was a part of the policy issued upon it, and that the terms of the policy could not be changed by the agent Evans, but by specific provision could be changed only it writing by the president, vice president or secretary. Being a part of the policies the plaintiff urges that Mr. Iven's false answers voided the policies. In support of this position plaintiff cites: Liverpool, L. & G. Insurance Co. v. T. M. Richardson, 11 Okla. 585, 69 P. 938, and Brown v. Connecticut Fire Insurance Co., 52 Okla. 392, 193 P. 173.

The defendants say first that this is a suit for the cancellation of an instrument and is of equitable cognizance, and therefore that the judgment of the trial court may not be disturbed on appeal unless it is clearly against the weight of the evidence citing: Gaines v. Union Central Life Insurance Co., 191 Okla. 246, 129 P. 2d 79; McBride v. Bridges, 202 Okla. 508, 215 P. 2d 830; Swisher v. Clark, 202 Okla. 25, 209 P. 2d 880.

And second, the defendants urge that the case of National Aid Life Insurance

Co. v. Clinton, 176 Okla. 372, 55 P. 2d 781, is conclusive of the issues in this cause.

It is settled law in Oklahoma that in cases of equitable cognizance, the judgment of the trial court will not be disturbed on appeal unless it is clearly against the weight of the evidence. McBride v. Bridges, supra; Gaines v. Union Central Life Ins. Co., 191 Okla. 246, 129 P. 2d 79; Mitchell v. Jackson, 177 Okla. 441, 60 P. 2d 390; Aero Exploration Co. v. Hunt, 205 Okla. 152, 236 P. 2d 239.

While the evidence is conflicting in this case there is sufficient evidence in the record to sustain the judgment of the trial court. The judgment of the court below may not be disturbed now on the ground that it was contrary to the evidence.

The court below did not in its judgment pass on the question whether there was or was not fraud between the plaintiff's soliciting agent and Mr. Iven, and this was proper because fraud between them was not pleaded in the plaintiff's petition and was not made an issue in the trial of the cause. The question of such fraud having been first raised on appeal is too late.

In Atlas Life Insurance Co. v. Sullivan, 172 Okla. 595, 52 P. 2d 28, in Syllabus No. 2 by the court, it is said:

"In the absence of fraud or collusion between the soliciting agent and the applicant, which must be pleaded and proved, the company is bound by the information furnished an agent by the applicant at the time of executing the application for insurance, whether or not the agent correctly answers the questions from the information furnished him."

Findings of fact were not requested of the trial court by either party to the suit, and the judgment of the trial court contains no specific findings concerning the state of Iven's health or the disputed answers in Iven's applications. We believe, however, that implicit in the trial court's judgment are the findings which bring this case within the rule announced by this court in National Aid Life Association v. Clinton, supra, in which this court quoted with approval from Security Benefit Association v. Green, 103 Okla. 284, 229 P. 1061, as follows:

"The agent, who is acting within the scope or apparent scope of his authority in asking the applicant questions about his health, and in writing down the answers, is presumed to know what his principal desires. The agent who prepares the application for insurance from the answers of the applicant, which he declares to be satisfactory and receives the premium for the insurance, binds his principal by the delivery of the contract of insurance. The insured has the right to believe under the circumstances, that the contract he is receiving from the company gives him the indemnity for which he has paid his money. The acts of the agent will operate as an estoppel against the principal to plead the erroneous answers as false representations by the insured."

The judgment of the trial court is not clearly against the weight of the evidence and is therefore affirmed.

This court acknowledges the services of Attorneys George Bowen, Samuel A. Boorstin, and Hess Crossland who as Special Masters aided in the preparation of this opinion. These attorneys were recommended by the Oklahoma Bar Association, approved by the Judicial Council, and appointed by the court.

HALLEY, V. C. J., and WELCH, CORN, GIBSON, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.