**Homer BRANCH and Louis Dell Branch, Plaintiffs,**

v.

**MOBIL OIL CORPORATION, and Citation Oil and Gas Corporation, Defendants.**

**No. CIV–90–723–R.**

United States District Court, W.D. Oklahoma.

Feb. 21, 1991.

See also 772 F.Supp. 570.

Patranell Britten, Robert N. Barnes, Stack & Barnes, Gina Lynn Hendryx, John W. Norman, Norman & Edem, Oklahoma City, Okl., Phillip R. Scott, Wanika, Okl., for plaintiffs.

L. Mark Walker, Gary W. Davis, Paul Trimble, Crowe & Dunlevy, Verland E. Behrens, George E. Sneed, Behrens, Taylor & Dobelbower, George E. Sneed, Oklahoma City, Okl., J. Randall Miller, Moyers, Martin, Santee, Imel & Tetrick, Tulsa, Okl., R. Steven Haught, Daugherty, Bradford, Fowler & Moss, Oklahoma City, Okl., Randle Jones, Denver, Colo., for defendants.

ORDER

DAVID L. RUSSELL, District Judge.

Before the Court is Plaintiffs' motion to reconsider this Court's Order of February 4, 1991, granting Defendant Citation Oil & Gas Corporation's motion to dismiss Plaintiffs' claims of unjust enrichment and public nuisance pursuant to Local Court Rule 14(A). Plaintiffs are correct that because service of Citation's motion was by mail, they had until February 4, 1991, in which to respond to the motion pursuant to Local Court Rule 11 and F.R.Civ.P. 6(e). Accordingly, the Court's Order of February 4, 1991, is vacated and the Court now considers Defendant Citation's motion to dismiss on its merits.

Defendant Citation's motion to dismiss Plaintiffs' claims of unjust enrichment and public nuisance is denied. Unjust enrichment can occur when a defendant uses something belonging to the Plaintiff in such a way as to effectuate some kind of savings which results in or amounts to a business profit. *See* D. Dobbs, *Handbook on the Law of Remedies* § 4.5 (1973) at p. 278. *See also Tilghman v. Proctor,* 125

U.S. 136, 146, 8 S.Ct. 894, 899, 31 L.Ed. 664, 667 (1888); *Olwell v. Nye & Nissen Co.*, 26 Wash.2d 282, 173 P.2d 652 (1946). Oklahoma recognizes a claim for negative unjust enrichment. *See McBride v. Bridges*, 202 Okla. 508, 215 P.2d 830, 832 (1950). *See also Booker v. Sears Roebuck & Co.*, 785 P.2d 297, 303 (Okla.1989) (Summers, J., dissenting). The Court cannot say that Plaintiffs' Complaint does not state a claim for unjust enrichment on which relief can be granted based on a failure to allege a benefit conferred on Defendants. *See* First Amended Complaint at ¶ 25. It can be inferred from Plaintiffs' Amended Complaint that Defendants used Plaintiffs' property to dispose of pollutants and saved the expenses of otherwise collecting and disposing of same. Upon consideration of Okla.Stat. tit. 82, § 926.4, Okla.Stat. tit. 50, §§ 8 & 10, and Plaintiffs' First Amended Complaint, the Court cannot say that Plaintiffs have failed to state a claim for abatement of a public nuisance on which relief can be granted.

The motion of Defendant Citation Oil & Gas Corporation to dismiss Plaintiffs' claims of unjust enrichment and public nuisance is DENIED.

IT IS SO ORDERED.