Homer **BRANCH**, et al., Plaintiffs,

v.

**MOBIL OIL CORPORATION, Citation Oil and Gas Corporation, Texaco, Inc., and Atlantic Richfield Company, Defendants.**

No. CIV–90–723–R.

United States District Court, W.D. Oklahoma.

Feb. 28, 1992.

---

Gina L. Hendryx, John W. Norman, Norman & Edem, P.C., Robert N. Barnes, Patranell Britten, Roy Short, Jacqueline M. Short, Stack & Barnes, P.C., Oklahoma City, Okl., Phillip R. Scott, Waurika, Okl., for plaintiffs.

Behrens, Taylor & Dobelbower, Verland E. Behrens, George E. Sneed, Oklahoma City, Okl., for Citation Oil & Gas Corp.

Crowe & Dunlevy, Gary W. Davis, Paul D. Trimble, L. Mark Walker, Oklahoma City, Okl., for Mobil Oil Corp.

Moyers, Martin, Santee, Imel & Tetrick, J. Randall Miller, Jack H. Santee, Tulsa, Okl., for Atlantic Richfield Co.

Daugherty, Bradford, Fowler & Moss, R. Steven Haught, A Professional Corp., Oklahoma City, Okl., Randle G. Jones of Texaco, Inc., Denver, Colo., for Texaco, Inc.

## ORDER

DAVID L. RUSSELL, District Judge.

All of the Defendants have filed a motion for certification of four questions to the Oklahoma Supreme Court. Defendants by motions to dismiss and/or for summary judgment affirmatively sought and received from this Court a determination of the legal issues which are the subject of their proposed certified questions.[1] Never did any of the Defendants suggest certification in connection with those motions. Yet now, after the Court has expended considerable time and judicial resources in resolving those issues, Defendants, apparently displeased with this Court's legal determinations, seek certification.

Defendants' motion is denied. The Court recognizes that its Orders of February 21, 1991, August 9, 1991, and December 10, 1991 are interlocutory. Nevertheless, in view of Defendants' dilatoriness in filing this motion and the considerable time and resources expended by the Plaintiffs in responding to Defendants' prior motions and by this Court in resolving them, it would be inequitable to now certify these questions. Certification of these questions at this time would not only render time already devoted to the sundry motions raising these issues a waste but it would further delay trial. Even if the Court was wrong in its resolution of issues incorporated in questions 1 and 2, it is unlikely that a new trial would

---

1. The motions for summary judgment of Mobil Oil Corporation and Citation Oil & Gas Corporation raised the issues incorporated in proposed certified question Nos. 1 & 2, which the Court ruled on in its Order of August 9, 1991. 772 F.Supp. 570. Mobil's and Citation's motions to dismiss raised the first issue incorporated in proposed question no. 3, which the Court ruled on in its Orders of February 21, 1991. 778 F.Supp. 35. While the Court has not addressed the issue of the proper measure of damages for a negative unjust enrichment claim, the issue has not heretofore been raised and Defendants have not even attempted to demonstrate that the question is unsettled under state law. Atlantic Richfield Company's alternative motions to dismiss or for summary judgment raised the issue which is the subject of the fourth proposed certified question. The Court in its Order of December 10, 1991 did not finally determine the applicability of Okla.Stat. tit. 12, § 109, 788 F.Supp. 531. However, even assuming that that statute is applicable, Defendants have not shown that the structures in question are "improvements to real property" inasmuch as they have failed to show who owns the structures and how they are treated for ad valorem tax purposes. *See* Order of December 10, 1991 at p. 11.

be necessary. If the Court was wrong in its resolution of the first issue incorporation in Question 3, a new trial would definitely not be required. The Court in its discretion, upon consideration of the foregoing factors declines to certify the proposed questions at this time. *See Lehman Brothers v. Schein,* 416 U.S. 386, 391, 94 S.Ct. 1741, 1744, 40 L.Ed.2d 215, 220 (1974) (use of certification procedure in a given case rests in the sound discretion of the federal court); *see also Lehman Brothers v. Schein,* 416 U.S. at 394–95, 94 S.Ct. at 1745–46, 40 L.Ed.2d at 222 (Rehnquist, J., concurring) (certification entails more delay and expense than ordinary decision of state law question by federal court; federal court has considerable discretion in deciding whether to employ certification, and lateness of suggestion of certification is a factor to be considered: "If a district court or court of appeals believes that it can resolve an issue of state law with available research materials already at hand, and makes the effort to do so, its determination should not be disturbed simply because the certification procedure existed but was not used.").

Defendants' joint motion to certify questions to the Oklahoma Supreme Court is DENIED.

IT IS SO ORDERED.